EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| El Pueblo de Puerto Rico<br>        Recurrido<br><br>        v.<br><br>Norberto Colón Canales<br>        Peticionario | Certiorari<br><br>2000 TSPR 155 |
|---|---|

Número del Caso: CC-2000-0118

Fecha: 25/octubre/2000

Tribunal de Circuito de Apelaciones:

                    Circuito Regional VI

Juez Ponente:

                    Hon. Igrí Rivera de Martínez

Abogados de la Parte Peticionaria:

                    Lcdo. Eduardo J. González de León
                    Lcdo. Jason González Delgado

Oficina del Procurador General:

                    Lcdo. Miguel A. Santana Bagur
                    Procurador General Auxiliar


Materia: Criminal


        Este documento constituye un documento oficial del Tribunal Supremo que está
        sujeto a los cambios y correciones del proceso de compilación y publicación
        oficial de las decisiones del Tribunal. Su distribución electrónica se hace
        como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

     Recurrido

           v.

Norberto Colón Canales

     Peticionario

                                CC-2000-118

Opinión del Tribunal emitida por el Juez Asociado SEÑOR CORRADA DEL RÍO

San Juan, Puerto Rico, a 25 de octubre de 2000.

En el caso de autos, Norberto Colón Canales (en adelante el peticionario) recurre ante nos impugnando una sentencia del Tribunal de Circuito de Apelaciones (en adelante el TCA). Mediante dicha sentencia, el TCA denegó acoger el recurso de apelación –en un caso criminal– del peticionario, por no incluir copia de la sentencia dictada por el Tribunal de Primera Instancia (en adelante TPI), así como, por no haber acreditado el cumplimiento con las Reglas 23(B) –notificación del escrito al Fiscal de Distrito y al Procurador General– y 24(A) –notificación del escrito a la Secretaría del TPI–

del Reglamento del Tribunal de Circuito de Apelaciones (en adelante el Reglamento),[1] según enmendado, 4 L.P.R.A. Ap. XXII-A. Revocamos.

I

Tras la celebración del juicio por tribunal de derecho, el peticionario fue encontrado culpable de un cargo de asesinato en primer grado –Art. 83 del Código Penal–, 33 L.P.R.A. sec. 4002 (Supl. 1999); de dos (2) violaciones al Art. 6 de la Ley de Armas, 25 L.P.R.A. sec. 416; y de dos (2) violaciones al Art. 8 de la Ley de Armas, 25 L.P.R.A. sec. 418.

El 3 de junio de 1999 el Hon. Wilfredo Padilla Soto, Juez del Tribunal de Primera Instancia, Sala Superior de Caguas, sentenció al peticionario a cumplir noventa y nueve (99) años de reclusión en el caso de asesinato, cuatro (4) años por cada infracción al Art. 6 de la Ley de Armas, *supra*, y cinco (5) años por cada infracción al Art. 8 de la Ley de Armas, *supra*.[2] Por tal razón, el peticionario sometió moción de reconsideración, la cual fue declarada no ha lugar.

Inconforme, el 1 de julio de 1999, el peticionario presentó escrito de apelación ante el TCA. En dicho escrito, el peticionario incluyó una breve referencia de las sentencias, así como la fecha en que se dictaron las mismas. No obstante, no acompañó el escrito con copia de las sentencias. Así también, al final del escrito, el peticionario certificó que notificó copia del escrito al Procurador General, a la Fiscal de Distrito y al TPI.[3]

El 27 de septiembre de 1999 el TCA emitió resolución, notificada el 5 de octubre, concediéndole al peticionario un plazo de diez (10)

---

[1] Al citar el Reglamento del Tribunal de Circuito de Apelaciones nos referimos al último, a saber, el aprobado el 25 de abril de 1996 que entró en vigor el 1 de mayo de 1996, aplicable a este caso.

[2] Estas sentencias deben cumplirse concurrentemente.

[3] El peticionario notificó mediante correo certificado con acuse de recibo tanto al Procurador General como a la Fiscal de Distrito el 1 de julio de 1999, o sea, dentro del término para presentar el recurso. Mientras que, notificó personalmente al TPI presentando copia sellada en la Secretaría del mismo, dentro del término de cuarenta y ocho (48) horas requerido.

días para que acreditase el cumplimiento con las Reglas 23(B) y 24(A) del Reglamento, *supra*. Así las cosas, el 15 de octubre de 1999, mediante *Moción en Cumplimiento de Resolución*, el peticionario informó que le había notificado a los fiscales un proyecto de exposición narrativa de la prueba, así como, las cintas magnetofónicas de la grabación del juicio en su fondo, con la intención de llegar a una exposición estipulada. Por último, solicitó que se diese por cumplido lo ordenado en la resolución del 27 de septiembre y que se le concediese un término razonable al Ministerio Público para que presentase su posición en cuanto al proyecto de exposición narrativa de la prueba oral.

No obstante lo anterior, el peticionario no acreditó en ese momento, el cumplimiento con las Reglas 23(B) y 24(A) del Reglamento, *supra*, por entender haber cumplido apropiadamente con el requisito de notificación al así certificarlo en el escrito de apelación.

Luego de varios trámites procesales,[4] el 30 de noviembre de 1999, el TCA dictó sentencia desestimando la apelación fundamentándose en que el peticionario no incluyó documento alguno que corroborase la fecha de las sentencias dictadas –para cotejar su jurisdicción. Así también, el TCA expresó que el peticionario no había acreditado el cumplimiento con las Reglas 23(B) y 24(A) del Reglamento, *supra*.

Oportunamente, el 27 de diciembre de 1999, el peticionario presentó moción de reconsideración. Con dicho escrito, el peticionario incluyó los siguientes documentos: (1) copia de las sentencias dictadas, las cuales establecen que el TPI dictó

---

[4] El 27 de octubre de 1999 el TPI dictó orden concediéndole quince (15) días al Ministerio Público para exponer su posición en cuanto a la exposición narrativa.

El 23 de noviembre de 1999 el Ministerio Público le notificó al peticionario sus objeciones a la exposición narrativa. Como resultado de ello, el 3 de diciembre de 1999, el peticionario solicitó del TCA que le concediese un término de veinte (20) días para examinar las objeciones y, de ser necesario, celebrar una reunión con los fiscales que presentaron la prueba en el caso.

sentencia el 3 de junio de 1999 y que el peticionario interpuso el recurso dentro del término jurisdiccional; (2) la primera página del recurso debidamente sellada por la Secretaría del TPI –el 1 de julio de 1999 a las 4:56 p.m.–, la que claramente evidencia que el recurso presentado ante el TPI dentro del término –de cumplimiento estricto– de las cuarenta y ocho (48) siguientes a la presentación del escrito ante el TCA; y, (3) los originales de los recibos de pago de envío por correo certificado, así como de los acuses de recibo del correo certificado, los cuales acreditan fehacientemente que el peticionario notificó tanto al Procurador General como a la Fiscal de Distrito el 1 de julio de 1999, mismo día de la presentación del recurso. Estos documentos revelan que el peticionario, dentro del término jurisdiccional de treinta (30) días de dictarse la sentencia, presentó el escrito de apelación, se lo notificó al Fiscal de Distrito y al Procurador General y dentro de las cuarenta y ocho (48) horas de presentado se lo notificó al TPI. El TCA declaró no ha lugar a la moción de reconsideración.

El peticionario recurrió ante nos, mediante recurso de *certiorari*, alegando la comisión de los siguientes errores:

A. Erró el Honorable Tribunal de Circuito de Apelaciones al desestimar el recurso de apelación presentado por el aquí peticionario, por no haber incluido en el escrito inicial algún documento que corroborara la fecha de la sentencia, a pesar de que ni la ley ni el reglamento aplicable establecen dicho requisito.

B. Erró el Honorable Tribunal de Circuito de Apelaciones al determinar que el peticionario no acreditó la notificación de la presentación del escrito de apelación al Fiscal de Distrito y al Procurador General, a pesar de que en el escrito inicial se certificó la notificación a los funcionarios antes mencionados, mediante correo certificado con acuse de recibo, tal y como lo requiere la Regla 23(B) del Reglamento del Tribunal de Circuito de Apelaciones.

C. Erró el Honorable Tribunal de Circuito de Apelaciones al determinar que el peticionario no acreditó la notificación de la presentación del escrito de apelación a la Secretaría del Tribunal de Primera Instancia que dictó la sentencia, a pesar de que en el escrito inicial se certificó que el mismo día de la presentación se notificó una copia del escrito debidamente sellado con la fecha y hora al Tribunal de Primera Instancia, Sala Superior de Caguas, conforme con la

Regla 24(A) del Reglamento del Tribunal de Circuito de Apelaciones.

D. Erró el Honorable Tribunal de Circuito de Apelaciones al declarar no ha lugar el escrito de reconsideración presentado por el peticionario, a pesar de que en dicho escrito se incluyeron todos los documentos que acreditaban que el recurso de apelación había sido presentado dentro del término jurisdiccional y que había sido notificado conforme a derecho al Fiscal de Distrito, al Procurador General y al tribunal apelado.

E. Erró el Honorable Tribunal de Circuito de Apelaciones al determinar que el recurso de apelación no se perfeccionó debidamente.

Mediante Resolución de 10 de marzo de 2000, expedimos el auto. Transcurrido el término reglamentario y contando con la comparecencia de ambas partes, estamos en condición de resolver el recurso presentado.[5]

II

De entrada, es de rigor señalar que, el derecho de apelación de una convicción es uno primordialmente estatutario. *Pueblo v. Esquilín Díaz*, res. el 20 de octubre de 1998, 98 TSPR 138, 146 D.P.R. ___ (1998), 98 JTS 139, pág. 197. Como tal, no hay un derecho constitucional de apelación,[6] sino "un privilegio estatutario que

---

[5] Tanto el peticionario como el Procurador General coinciden en que, una vez acreditada su jurisdicción, el TCA debió acoger el recurso presentado.

[6] En *Pueblo v. Serbiá*, 78 D.P.R. 788, 791-792 (1955), reiterado en *Pueblo v. Esquilín Díaz*, supra, pág. 198, señalamos que:

> [g]eneralmente el derecho de apelación no es un derecho constitucional en el sentido de no haber sido incluído específicamente como uno de los derechos inalienables dentro de la [C]onstitución. Es cierto que tan pronto el derecho de apelación se incorpora a un sistema de justicia pública, por acción legislativa, entra a formar parte del debido proceso de ley y [,] por lo tanto [,] adquiere una categoría **cuasi-constitucional** (citas omitidas), pero no es menos cierto, que tratándose de un derecho que inicialmente es estatutario, la Legislatura tiene el derecho de prescribir la forma en que se ha de apelar. (Énfasis nuestro.)

estaá [sic] disponible para aquellos que cumplen con los requisitos dispuestos en las leyes y reglas que lo regulan." *Pueblo v. Esquilín Díaz*, supra. Por lo que, a diferencia de los recursos discrecionales, una vez el tribunal adquiere jurisdicción y se observan los requisitos para el perfeccionamiento, el TCA tiene el deber de atender y resolver en los méritos "de forma fundamentada" el recurso de apelación. *Esquilín v. Alcalde Mun. de Carolina*, res. el 8 de febrero de 2000, 2000 TSPR 19, 150 D.P.R. ___ (2000), 2000 JTS 38, pág. 707; *Soc. de Gananciales v. García Robles*, res. el 23 de enero de 1997, 142 D.P.R. ___ (1997), 97 JTS 7, pág. 509. Véase también, *Feliberty v. Soc. de Gananciales*, res. el 24 de marzo de 1999, 99 TSPR 32, 147 D.P.R. ___ (1999), 99 JTS 36, pág. 770.

### III

Las Reglas 193 a la 217 de Procedimiento Criminal, según enmendadas, 34 L.P.R.A. Ap. II (Supl. 1999), trazan el trámite procesal de un recurso de apelación criminal, desde el TPI –pasando por el TCA– hasta este Tribunal. Por su parte, las Reglas 23 a la 30 del Reglamento, *supra*, rigen el trámite a seguir desde la presentación del recurso de apelación criminal hasta su perfeccionamiento ante el TCA.

Conforme al ordenamiento procesal criminal, un escrito de apelación contra una sentencia dictada por el TPI tiene que ser presentado ante el TCA dentro del término jurisdiccional de treinta (30) días computados a partir de la fecha en que se dictó la sentencia. 34 L.P.R.A. Ap. II R. 194 (Supl. 1999); 4 L.P.R.A. Ap. XXII-A R. 23(A).[7]

---

Véase también, *Pueblo v. Ortiz Couvertier*, 132 D.P.R. 883, 892 (1993); *Pueblo v. Prieto Maysonet*, 103 D.P.R. 102, 106 (1974); *Reyes v. Delgado*, 81 D.P.R. 937, 941-942 (1960).

[7] Cabe señalar que, de presentarse una moción de nuevo juicio basada en las Reglas 188(e) y 192 de Procedimiento

**continúa...**

[7] **...continuación**

Por otra parte, el contenido del escrito de apelación está delimitado tanto por la Regla 196 de Procedimiento Criminal, *supra*, como por la Regla 26 del Reglamento, *supra*. En lo referente a la controversia ante nos, la Regla 196 de Procedimiento Criminal, *supra*, dispone que "[e]l escrito de apelación especificará el nombre o nombres de los acusados apelantes; **designará la sentencia de la cual se apela**, y especificará que la apelación se establece para ante el Tribunal de Circuito de Apelaciones." (Énfasis nuestro.)

Sobre el particular, de forma más específica, la Regla 26 del Reglamento, *supra*, en lo pertinente, preceptúa lo siguiente:

(C) *Cuerpo.-*

   (1) Se hará constar el nombre de las partes apelantes en la comparecencia.

   (2) **Se hará una referencia a la sentencia de la cual se apela, la Sala del Tribunal de Primera Instancia que la dictó y la fecha en que lo hizo o la fecha de notificación de la resolución de una moción que hubiera interrumpido el plazo apelativo dispuesto en las Reglas de Procedimiento Criminal. Identificará, además, cualquier otro recurso sobre el mismo caso o asunto que se encuentre pendiente a la fecha de presentación.**

   (3) Especificará el Circuito Regional ante el cual se apela.

   (4) Incluirá un señalamiento breve y conciso de los errores en que se fundamenta la apelación.

   (5) Informará si la persona convicta se encuentra en libertad bajo fianza, en probatoria o recluida en una institución penal.

(D) *Número de páginas.-* El escrito de apelación no excederá de tres (3) páginas, **exclusive de la cubierta y la certificación**, salvo que el tribunal autorice un número mayor de páginas conforme a lo dispuesto en la Regla 70(D) de este Apéndice. (Bastardillas en el original y énfasis nuestro.)

---

Criminal, *supra*, o una moción de reconsideración –dentro de los quince (15) días siguientes a la fecha en que se dictó la sentencia–, el término para presentar el recurso de apelación comienza a decursar desde que se le notifica "al acusado la orden del tribunal denegando la moción de nuevo juicio" o "se archiv[a] en autos la notificación de la resolución del tribunal adjudicando la moción de reconsideración," según fuere el caso. 34 L.P.R.A. Ap. II R. 194 (Supl. 1999). Véase también, 4 L.P.R.A. Ap. XXII-A R. 23(A); *Pueblo v. Santana Rodríguez*, res. el 25 de mayo de 1999, 99 TSPR 81, 148 D.P.R. ___ (1999), 99 JTS 86.

Las reglas antes citadas establecen claramente el contenido del escrito de una apelación criminal. De una lectura de las mismas, no se desprende la obligación del apelante –a diferencia de un recurso de apelación de una sentencia civil–[8] de incluir copia de la sentencia al presentar el escrito. Tampoco exigen la presentación de un apéndice. Ello porque la Regla 28(A) del Reglamento, *supra,* dispone que se elevará el expediente de apelación y se presentará el alegato treinta (30) días después. La única referencia a un apéndice surge de la Regla 28(D) del Reglamento, *supra*, que dispone que el alegato de la parte apelante y el de réplica del Procurador General podrán contener un apéndice.[9] La Regla 26 del Reglamento, *supra*, no hace referencia a apéndice alguno, en cual se tuviese que incluir copia de la sentencia. La obligación del apelante se circunscribe a hacer una mera referencia de la sentencia que incluya la sala del TPI y la fecha en que se dictó.[10]

En el caso de autos, el peticionario presentó su escrito de apelación dentro del término jurisdiccional.[11] Dicho escrito cumplía fielmente con los requisitos esbozados por la Regla 26 del Reglamento, *supra*.[12] Por lo que, erró el TCA al desestimar el recurso

---

[8] Véase, Regla 54.4 de Procedimiento Civil, 32 L.P.R.A. Ap. III (Supl. 1999); Regla 16(E)(1)(b) del Reglamento, *supra*; *Esquilín v. Alcalde Mun. de Carolina*, supra.

[9] La Regla 28(D) del Reglamento, *supra*, preceptúa que tanto el alegato como "la réplica del (de la) Procurador(a) General no excederán de veinticinco (25) páginas, exclusive del índice, **del apéndice** y de la certificación, salvo que el tribunal autorice un número mayor de páginas, conforme a lo dispuesto en la Regla 70(D)." (Énfasis nuestro.)

[10] El legajo en una apelación criminal consiste del expediente original del TPI, al que, posteriormente, se le anejará la exposición o la transcripción de la prueba oral. Como regla general, el legajo o expediente de apelación tiene que elevarse al TCA dentro de los treinta (30) días siguientes a la presentación de la apelación. Regla 77 del Reglamento, *supra.*

[11] El TPI dictó sentencia el 3 de junio de 1999. El término venció el sábado 3 de julio de 1999. Por lo cual, al ser feriado el lunes 5 de julio, el plazo expiró el martes 6 de julio de 1999. El peticionario presentó su escrito el 1 de julio de 1999.

[12] Véase, Apéndice del recurso de *certiorari*, págs. 1-4.

por no incluir en el escrito inicial algún documento que corroborase la fecha de la sentencia dictada.

Un tribunal no "puede exigir[le] a un apelante más allá de lo que la Ley y el Reglamento disponen."[13] Véase, *Irizarry v. J&J Cons. Prods., Co., Inc.*, res. el 27 de enero de 2000, 2000 TSPR 15, 150 D.P.R. ___ (2000), 2000 JTS 27, pág. 614; *Drog. Central v. Diamond Pharm. Serv., Inc.*, res. el 19 de enero de 2000, 2000 TSPR 5, 150 D.P.R. ___ (2000), 2000 JTS 19, pág. 551. Esto no es óbice para que, posterior a la presentación del escrito de apelación criminal, el TCA, en el deber ministerial de velar por su jurisdicción,[14] le requiera a un apelante que presente algún documento que acredite la fecha en que se dictó la sentencia apelada.

Desde el punto de vista apelativo, la mejor práctica –en lo criminal– sería que el apelante incluyese una copia de la sentencia dictada o documento similar con el propósito de acreditar la jurisdicción del tribunal. Sin embargo, ello no constituye una obligación que de no cumplirse prive al TCA de jurisdicción.

Sobre el particular, el peticionario adujo que copia de la sentencia dictada debía ser incluida como parte del apéndice del alegato. Por el contrario, el Procurador General expuso que copia de la sentencia o documento similar –por ejemplo, una minuta–[15] debía ser presentado previo a someter el alegato ya que debía, en el supuesto de falta de jurisdicción, evitarse incurrir en gestiones encaminadas al perfeccionamiento del recurso, tal como la preparación de una exposición narrativa. Sin embargo, este argumento es débil, ya que si el tribunal carece de jurisdicción –por

---

[13] Recurso de *certiorari*, pág. 7.

[14] Véase, *Pueblo en interés menor J.M.R.*, res. el 12 de noviembre de 1998, 98 TSPR 151, 147 D.P.R. ___ (1998), 98 JTS 146, pág. 279; *Soc. de Gananciales v. A.F.F.*, 108 D.P.R. 644, 645 (1979).

[15] En *Pueblo v. Pacheco Armand*, res. el 14 de enero de 2000, 2000 TSPR 4, 150 D.P.R. ___ (2000), 2000 JTS 18, pág. 545, resolvimos que el presentante de un recurso de *certiorari* –en un caso criminal– puede recurrir ante el TCA mediante una minuta, si ésta "recoge en términos claros y precisos la decisión del juez que se pretende revisar...."

presentación tardía- y el Procurador General se percata, lo que corresponde es que éste ilustre al tribunal presentando una moción de desestimación, anejando copia de la sentencia dictada.

IV

Referente al segundo señalamiento de error, el TCA denegó el recurso de apelación, *inter alia*, por no acreditar la notificación de la presentación del escrito al Fiscal de Distrito y al Procurador General. Sobre ello, el peticionario nos planteó que basta con certificar en el escrito de apelación que se efectuaron las notificaciones para cumplir con el requisito de notificación.

Sobre el particular, tanto las Reglas de Procedimiento Criminal, *supra*, como la Regla 23(B) del Reglamento, *supra*, requieren que el presentante notifique la presentación del recurso tanto al Fiscal de Distrito como al Procurador General dentro del término jurisdiccional para presentarlo. Regla 23(B) del Reglamento, *supra*. Véase además, Regla 194 de Procedimiento Criminal, 34 L.P.R.A. Ap. II (Supl. 1999).

En la presente situación, el peticionario certificó en el mismo escrito de apelación haber notificado copia de éste tanto al Procurador General como a la Fiscal de Distrito, lo cual era suficiente para dejarle saber al tribunal que había cumplido con lo dispuesto. Sin embargo, ello no impedía que el TCA, en su deber de velar por su jurisdicción,[16] le solicitara que acreditase haber cumplido con las notificaciones requeridas. No obstante, erró al desestimar sin antes advertirle sobre las posibles sanciones por no cumplir con dicha orden. *Pueblo v. Pacheco Armand*, supra, pág. 545; *Soc. de Gananciales v. García Robles*, supra, pág. 511; *López Rivera v. Rivera Díaz*, res. el 28 de junio de 1996, 141 D.P.R. ___ (1996), 96 JTS 102, pág. 1377.

Como agravante a la situación, el TCA no acogió la reconsideración oportunamente presentada por el peticionario, la

que incluía los originales del recibo de pago de envío por correo certificado, así como los originales de los acuses de recibo, que acreditaban fehacientemente el haber notificado copia del recurso dentro del término jurisdiccional.

V

Por otra parte, el TCA también desestimó la apelación porque el peticionario no le acreditó el haber efectuado la notificación de una copia sellada del recurso a la Secretaría del TPI dentro del término –de cumplimiento estricto– de las cuarenta y ocho (48) horas siguientes a la presentación del recurso ante el TCA. Regla 24(A) del Reglamento, *supra*. Véase, Regla 194 de Procedimiento Criminal, *supra*.[17] Ante lo cual, el peticionario alegó que era suficiente el que él hubiese certificado en el escrito inicial que había cumplido con tal notificación.

Conforme a los hechos de este caso, el TCA no erró al requerirle al peticionario que le acreditase el haber efectuado la notificación al TPI. Ello, a pesar de que así lo había certificado el peticionario en su escrito inicial. Sin embargo, el TCA erró al rechazar la apelación, a pesar de que el peticionario sometió escrito de reconsideración, en el cual incluyó copia de la primera página del recurso de apelación debidamente sellada por el TPI dentro del término de cuarenta y ocho (48) horas requerido.

---

[16] Véase, nota al calce núm. 14, *supra*.

[17] En lo pertinente, la Regla 194 de Procedimiento Criminal, *supra*, preceptúa lo siguiente:

> **[s]i el recurso fuere presentado en la Secretaría del Tribunal de Circuito de Apelaciones, será responsabilidad del apelante o peticionario notificar a la secretaría del Tribunal de Primera Instancia que dictó la sentencia, dentro de las cuarenta y ocho (48) horas siguientes a la presentación del escrito de apelación o de *certiorari*, una copia de tal escrito, debidamente sellada con la fecha y hora de su presentación.** (Bastardillas en el original y énfasis nuestro.)

## VI

En su cuarto señalamiento de error, el peticionario cuestiona el que el TCA no acogiese su moción de reconsideración, en la que incluyó los documentos necesarios para acreditar que el escrito fue presentado dentro del término jurisdiccional, así como, que el mismo había sido notificado conforme a derecho.

De lo expresado anteriormente surge que el recurso de apelación se perfeccionó debidamente. Por lo que, el TCA erró al desestimar.

Por los fundamentos antes esbozados, se revoca la sentencia dictada por el Tribunal de Circuito de Apelaciones y se devuelve el caso al foro apelativo para que resuelva en los méritos el recurso presentado por el peticionario.

Se dictará sentencia de conformidad.

BALTASAR CORRADA DEL RÍO
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


El Pueblo de Puerto Rico

Recurrido

v.                                        CC-2000-118

Norberto Colón Canales

Peticionario


SENTENCIA

San Juan, Puerto Rico, a 25 de octubre de 2000.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente, se revoca la sentencia dictada por el Tribunal de Circuito de Apelaciones y se devuelve el caso al foro apelativo para que resuelva en los méritos el recurso presentado por el peticionario.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Fuster Berlingeri concurre con el resultado sin opinión escrita.


Isabel Llompart Zeno
Secretaria del Tribunal Supremo