CC-2000-537                                                              1

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| José Rivera Santiago, su esposa Gladys Reyes, la Soc. de Bienes Gananciales comp. por ambos; Leonardo Robles Rodríguez, su esposa Nelly Santana Pagán, la Soc. de Gananciales comp. por ambos<br>    Peticionarios<br><br>v.<br><br>Municipio de Guaynabo, Hon. Héctor O'Neill García, Alcalde<br>    Recurridos | Certiorari<br><br>2001 TSPR 64 |

Número del Caso: CC-2000-537

Fecha: 3/mayo/2001

Tribunal de Circuito de Apelaciones:
                                Circuito Regional II

Juez Ponente:
                    Hon. Jeannette Ramos Buonomo

Abogado de la Parte Peticionaria:
                    Lcdo. Pedro Juan Semidey Morales

Abogado de la Parte Recurrida:
                    Lcdo. Federico Montañez Delerme

Materia: Daños y Perjuicios

        Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


JOSÉ RIVERA SANTIAGO, su
esposa GLADYS REYES, la
Soc. de Bienes Gananciales
comp. por ambos; LEONARDO
ROBLES RODRÍGUEZ, su esposa
NELLY SANTANA PAGÁN, la Soc.
de Gananciales comp. por
ambos
      Peticionarios

          v.

MUNICIPIO DE GUAYNABO, HON.
HÉCTOR O'NEILL GARCÍA,
ALCALDE
      Recurridos

                    CC-2000-537    Certiorari


PER CURIAM


San Juan, Puerto Rico, a 3 de mayo de 2001.

Mediante el presente recurso de certiorari, los peticionarios pretenden de esta Curia la revocación de la sentencia dictada por el Tribunal de Circuito de Apelaciones, que desestimó el recurso de apelación por ellos presentado ante ese Tribunal.


I

El 29 de agosto de 1998 los aquí peticionarios, el señor José Rivera Santiago y su esposa, la señora Gladys Reyes Rosado, el señor Leonardo Robles Rodríguez y su esposa, la señora Nelly Santana Pagán, y las Sociedades Legales de Bienes Gananciales compuestas por ellos, respectivamente, en adelante los peticionarios, presentaron una

demanda de interdicto provisional, preliminar y permanente, y daños y perjuicios contra el Municipio de Guaynabo y su alcalde, el Hon. Héctor O'Neill García, en adelante los recurridos.[1] Oportunamente, los recurridos contestaron la demanda presentada en su contra[2] y, posteriormente, solicitaron la desestimación de la misma mediante solicitud de sentencia sumaria, ya que alegadamente no existía controversia material sobre los hechos esenciales del caso, y que, como cuestión de derecho, procedía dictar sentencia a su favor desestimando la demanda.[3]

El 29 de noviembre de 1999, el Tribunal de Primera Instancia dictó sentencia sumaria desestimando la demanda presentada por los aquí peticionarios.[4] El 21 de diciembre de 1999 se archivó en autos copia de su notificación. Oportunamente, los peticionarios le solicitaron al Tribunal de Primera Instancia la reconsideración de dicha sentencia,[5] y éste, mediante orden del 12 de enero de 2000, archivada en autos copia de su notificación el día 19 del mismo mes y año, la declaró no ha lugar.[6]

Inconformes con dicha determinación, los peticionarios acudieron ante el Tribunal de Circuito de Apelaciones, mediante recurso de apelación presentado ante ese Tribunal el 22 de febrero de 2000.[7] Los peticionarios certificaron en dicho escrito que notificaron en esa misma fecha al abogado de los apelados, por correo certificado con acuse de recibo, y que presentaron la copia correspondiente ante el Tribunal de Primera Instancia.[8]

El 29 de marzo de 2000, el Tribunal de Circuito de Apelaciones dictó resolución concediéndole a los peticionarios un término de tres (3) días, contados a partir de la notificación de esa resolución, para que demostraran al Tribunal haber notificado el recurso de apelación a la parte apelada por

---

[1] Apéndice VIII del recurso de Certiorari, págs. 23-31.

[2] Apéndice IX, Íd., págs. 32-33.

[3] Apéndice X, Íd., págs. 82-85.

[4] Apéndice V, Íd., págs. 18-19.

[5] Apéndice VI, Íd., págs. 20-21.

[6] Apéndice VII, Íd., pág. 22.

[7] Apéndice X, Íd., págs. 34-98.

[8] Íd. a la pág. 49.

correo certificado con acuse de recibo, dentro del término jurisdiccional, conforme a lo certificado en su escrito.[9] El 5 de abril de 2000, los peticionarios comparecieron ante el Tribunal de Circuito de Apelaciones expresando que entregaron personalmente copia del recurso de apelación al abogado de los apelados el 22 de febrero de 2000, el mismo día de la presentación del escrito ante ese Tribunal. Los peticionarios indicaron las circunstancias específicas de la entrega personal de copia del recurso de apelación e incluyeron una copia de la portada del escrito, de la cual surgía la fecha de recibido y una firma autorizada del abogado de los recurridos evidenciando el recibo del mencionado escrito.[10] Por su parte, los apelados presentaron oportunamente su alegato el 18 de abril de 2000.[11]

No obstante, el 12 de abril de 2000, el Tribunal de Circuito de Apelaciones, en virtud de la Regla 83(C) del Reglamento del Tribunal de Circuito de Apelaciones,[12] dictó sentencia desestimando, *sua aponte*, el recurso de apelación presentado ante sí por los aquí peticionarios, por no haberse perfeccionado el mismo conforme a derecho. El Tribunal de Circuito de Apelaciones estimó que los peticionarios incumplieron con el término de cumplimiento estricto de cuarenta y ocho (48) horas establecido por la Regla 13(B) del Reglamento del Tribunal de Circuito de Apelaciones, dentro del cual la parte apelante tiene que certificar la forma y circunstancias de la notificación del recurso cuando la misma se hace mediante entrega personal.[13] Concluyó, además, que infringieron la Regla 15 del mismo

---

[9] Apéndice II del recurso de Certiorari, págs. 8-10. Esa resolución se notificó el 3 de abril de 2000. De igual forma, el Tribunal de Circuito de Apelaciones le ordenó que acreditaran haber notificado el recurso al Tribunal de Primera Instancia dentro del término de cumplimiento estricto de cuarenta y ocho (48) horas que dispone la Regla 14(B) del Reglamento del Tribunal de Circuito de Apelaciones, 4 L.P.R.A. Ap. XXII-A. Además, le concedió a los apelados un término de diez (10) días, contados desde el vencimiento del plazo otorgado a los peticionarios, para presentar su alegato.

[10] Apéndice XI del recurso de Certiorari, págs. 99-101. De la copia de la portada del escrito de apelación incluida como evidencia también surgía el sello del Tribunal de Primera Instancia, el cual demostraba la fecha y hora de radicación ante ese Tribunal dentro del término indicado.

[11] Apéndice XII del recurso de Certiorari, págs. 102-117.

[12] 4 L.P.R.A. Ap. XXII-A, R. 83(C).

[13] 4 L.P.R.A. Ap. XXII-A, R. 13(B).

Reglamento, la cual dispone sobre el término de cumplimiento estricto de cuarenta y ocho (48) horas para presentar una moción suplementaria explicando la manera en que efectivamente se llevó a cabo la notificación del recurso a las partes, cuando ocurre una desviación en el método de notificación.[14] El Tribunal de Circuito de Apelaciones determinó que, en ausencia de causa justificada para el incumplimiento con los términos de cumplimiento estricto antes mencionados, carecía de discreción para atender en los méritos el recurso de apelación presentado por los aquí peticionarios.[15] Oportunamente, los peticionarios solicitaron reconsideración de la sentencia dictada.[16] El 8 de mayo de 2000, notificada el día 11 del mismo mes y año, el Tribunal de Circuito de Apelaciones declaró sin lugar dicha solicitud.[17]

Inconformes con esta determinación, los peticionarios recurrieron ante nos, mediante el presente recurso de Certiorari presentado el 12 de junio de 2000, señalando la comisión de un único error, a saber:

> Erró el Tribunal de Circuito de Apelaciones al desestimar la apelación presentada por la parte demandante peticionaria, aduciendo para ello el incumplimiento con lo preceptuado por la Regla 13(b) del Reglamento del Tribunal de Circuito de Apelaciones (por no haber certificado la forma y circunstancia de la notificación del recurso cuando se hizo por entrega personal en el término de 48 horas; término de estricto cumplimiento).[18]

El 18 de agosto de 2000 este Tribunal, mediante resolución notificada el día 21 del mismo mes y año, le concedió un término de veinte (20) días a la parte recurrida para que mostrara causa, si la hubiere, por la cual no debíamos expedir el recurso solicitado y revocar la sentencia recurrida. Intimamos a dicha parte a contestar, a la luz del caso Arraiga v. F.S.E.,[19] las interrogantes siguientes:

---

[14] 4 L.P.R.A. Ap. XXII-A, R. 15.

[15] Apéndice I del recurso de Certiorari, págs. 1-7. Dicha sentencia se notificó el 18 de abril de 2000.

[16] Apéndice III, Íd., págs. 11-14.

[17] Apéndice IV, Íd., págs. 15-18.

[18] Recurso de Certiorari, pág. 3.

[19] Res. el 18 de marzo de 1998, 98 T.S.P.R. 27, 145 D.P.R. ___ (1998), 98 J.T.S. 28.

¿Por qué el incumplimiento por la parte apelante, sin expresar causa justificada, de su obligación ante el Tribunal de Circuito de Apelaciones de certificar dentro de las cuarenta y ocho (48) horas de presentado el recurso de apelación la forma y las circunstancias de la notificación del recurso a la parte apelada, cuando la misma se hace mediante entrega personal (Regla 13 B del Reglamento del Tribunal de Circuito de Apelaciones), es motivo de la drástica sanción de desestimar el recurso de apelación y no de otro tipo de sanción?

¿Por qué el incumplimiento por la parte apelante, sin expresar causa justa, con su obligación ante el Tribunal de Circuito de Apelaciones de presentar una moción de certificación suplementaria, dentro del término de cuarenta y ocho (48) horas de presentado el recurso de apelación para explicar la manera en que efectivamente notificó el recurso a las partes, cuando ha ocurrido una desviación en el método de notificación (Regla 15 del Reglamento del Tribunal de Circuito de Apelaciones), es motivo de la drástica sanción de desestimación del recurso y no otro tipo de sanción?

El 28 de agosto de 2000, en cumplimiento con nuestra orden, los recurridos presentaron una moción informativa. Expresaron que, en vista de las interrogantes planteadas, no comparecerían a mostrar causa y dejaban por sometida la cuestión planteada. Sometido el recurso, procedemos a atenderlo en sus méritos y así resolver.

II

Una vez más nos enfrentamos a un asunto anteriormente examinado por este Foro: determinar si el Tribunal de Circuito de Apelaciones erró al desestimar un recurso de apelación por entender que el mismo no fue perfeccionado conforme a derecho, específicamente, por violar las disposiciones de las Reglas 13(B) y 15 del Reglamento del Tribunal de Circuito de Apelaciones.[20] Así también, una vez más nos vemos forzados a revocar la determinación del Tribunal de Circuito de Apelaciones al éste no aplicar la norma reiteradamente establecida por este Tribunal, con carácter de precedente judicial (stare decisis) en cuanto a este asunto.

La Regla 13(B) del Reglamento del Tribunal de Circuito de Apelaciones, supra, en su parte pertinente sobre la notificación a las partes, dispone lo siguiente:

La parte apelante notificará el escrito por correo certificado con acuse de recibo o mediante un servicio similar

---

[20] 4 L.P.R.A. Ap. XXII-A, R. 13(B) y R. 15.

de entrega personal con acuse de recibo. **La notificación a las partes se hará dentro del término jurisdiccional para presentar el recurso, a partir del archivo en autos de la copia de la notificación de la sentencia.** Cuando se efectúe por correo certificado con acuse de recibo, se remitirá la notificación a las partes a la dirección postal que surja del último escrito que conste en el expediente del caso. ... La fecha del depósito en el correo se considerará como la fecha de la notificación a las partes. La entrega personal deberá hacerse en la oficina de los(as) abogados(as) que representen a las partes y entregarse a éstos(as) o a cualquier persona a cargo de la oficina. ... **En los casos de entrega personal, se certificará la forma y las circunstancias de tal diligenciamiento, lo que se hará dentro de las próximas cuarenta y ocho (48) horas. El término aquí dispuesto será de cumplimiento estricto.** (Énfasis nuestro.)

Además, en el comentario a dicha Regla se expone lo siguiente:

La exigencia de una constancia de entrega, tanto cuando se utiliza el correo como el servicio de entrega privado, persigue evitar controversias y litigios secundarios en torno al cumplimiento del requisito jurisdiccional de notificación. Toda vez que el aspecto jurisdiccional está enmarcado en que la notificación se haga dentro del término y no en el método que se utilice para ello, cuando la notificación se haga mediante entrega personal, no a través del correo o de un servicio de entrega privado, la parte actora vendrá obligada igualmente a certificar la forma y las circunstancias del diligenciamiento.

Por su parte, la Regla 15 de ese mismo Reglamento, supra, dispone, en cuanto a la certificación de la notificación en el escrito de apelación, lo siguiente:

La parte apelante certificará al Tribunal de Circuito de Apelaciones, en el propio escrito de apelación, su cumplimiento con los términos dispuestos en las secciones pertinentes de la Regla 13. **Cuando ocurra alguna desviación de los términos de certificación, la parte apelante así lo hará constar en una moción de certificación suplementaria explicando la manera en que se hayan remitido al Tribunal de Circuito de Apelaciones las copias de la apelación y se haya notificado a las partes con copia de la misma.**

**Dicha certificación suplementaria se hará dentro de las cuarenta y ocho (48) horas siguientes a la presentación del escrito de apelación. El término aquí dispuesto será de cumplimiento estricto.** (Énfasis nuestro.)

La Regla 13(B) del Reglamento del Tribunal de Circuito de Apelaciones, supra, configura dos (2) obligaciones procesales: 1) la notificación con copia del recuro a las partes; y 2) la certificación de las formas y circunstancias del diligenciamiento cuando esa notificación se hace por entrega personal.[21] El aspecto jurisdiccional está enmarcado en que la

notificación con copia del recurso de apelación a la otra parte se haga dentro del término y no en el método que se utilice para ello; es decir, en el cumplimiento de la primera obligación. Ésta, de carácter jurisdiccional, quedará cumplida con la notificación con copia del referido recurso a la otra parte dentro del término para apelar, con el consabido resultado de su desestimación, por razón de su incumplimiento.[22] Por su parte, según ya hemos resuelto, el incumplimiento de la segunda obligación procesal vislumbrada en la Regla 13(B) y en la Regla 15 del mencionado Reglamento, supra, no conlleva la drástica sanción de la desestimación automática del recurso de apelación. Veamos.

Recientemente este Tribunal resolvió en Rodríguez v. Sucn. Martínez,[23] reiterando lo resuelto en Drog. Central v. Diamond Pharm. Serv., Inc., supra, que no existía razón para desestimar un recurso de apelación ante el Tribunal de Circuito de Apelaciones sólo por no haberse certificado la forma y circunstancias de la notificación, en ausencia de controversia sobre si el escrito de apelación fue oportunamente notificado a la parte apelada.[24] Puntualizamos en esos casos, y nos reiteramos nuevamente, que lo importante es que el escrito sea notificado con copia a la otra parte, dentro del plazo dispuesto por ley, independientemente del método que se utilice para ello.[25] Inclusive, en Rodríguez v. Sucn. Martínez, supra, le señalamos al Tribunal de Circuito de Apelaciones su inatención a esta norma, mencionando los casos que mediante sentencia este Tribunal se ha visto forzado a revocar por las mismas razones.[26]

---

[21] Drog. Central v. Diamond Pharm. Serv., Inc., res. el 19 de enero de 2000, 2000 TSPR 5, 150 D.P.R. ___ (2000), 2000 J.T.S. 19, pág. 549; Colón Morales v. Rivera Morales, res. el 30 de octubre de 1998, 98 TSPR 144, 146 D.P.R. ___ (1998), 98 J.T.S. 153, pág. 359.

[22] Colón Morales v. Rivera Morales, supra, pág. 360.

[23] Opinión Per Curiam de 18 de agosto de 2000, 2000 TSPR 126, 151 D.P.R. ___ (2000), 2000 J.T.S. 138.

[24] Íd., págs. 52-53.

[25] Íd., pág. 52; Drog. Central v. Diamond Pharm. Serv., Inc., supra.

[26] Rivera Arnau v. Davis & Geck, AC-1999-62, Sentencia de 23 de febrero de 2000; Rosario Chárriez v. Puerto Rico Telephone Co., CC-2000-207, Sentencia de 11 de abril de 2000; Rodríguez Rivera v. Otero García, CC-1999-311, Sentencia de 12 de abril de 2000; Asociación de Residentes Colinas Metropolitanas v. De Jesús, CC-2000-276, Sentencia de 25 de mayo de 2000;

En el caso de autos, no existe controversia alguna de que los aquí peticionarios cumplieron con su obligación al notificar a los apelados ante el Tribunal de Circuito de Apelaciones, mediante entrega personal del escrito de apelación dentro del término jurisdiccional para así hacerlo. Así lo evidenciaron ante el Tribunal de Circuito de Apelaciones en cumplimiento con la orden emitida por ese Tribunal a esos efectos. No obstante, los peticionarios certificaron en el escrito de apelación que se notificó por correo certificado con acuse de recibo a la parte apelada, y luego acreditaron que la notificación se hizo personalmente. El Tribunal de Circuito de Apelaciones entendió que al no haber informado el hecho de que notificó personalmente con copia del recurso a la parte apelada dentro del término de cumplimiento estricto de cuarenta y ocho (48) horas luego de la presentación del escrito, sin justa causa para ello, era razón para la desestimación del recurso de apelación.

Lo cierto es que los peticionarios incumplieron con notificar al Tribunal de Circuito de Apelaciones, mediante moción suplementaria, el cambio en el método de notificación realmente utilizado, <u>dentro</u> del término de estricto cumplimiento de cuarenta y ocho (48) horas siguientes a la presentación del escrito de apelación y, en consecuencia, tampoco notificaron la forma y circunstancias de la notificación personal en el mismo término. Tampoco expresaron justa causa para tal incumplimiento. Pero no es menos cierto, que luego de que el Tribunal de Circuito de Apelaciones le ordenara acreditar el modo de notificación utilizado, los peticionarios inmediatamente informaron que habían notificado <u>oportunamente</u> el escrito mediante entrega personal en la oficina del abogado de los recurridos. En cumplimiento de esa orden, los peticionarios efectivamente certificaron la forma y circunstancias en que se diligenció la notificación personal. No se trata aquí de prorrogar un término de cumplimiento estricto para el cual habría que demostrar causa justificada para la dilación.[27] Mas bien se trata de un <u>incumplimiento</u> con una regla en particular que contiene un

---

<u>Casellas Hernández v. Mun. de Bayamón</u>, CC-2000-483, Sentencia de 28 de junio de 2000.

[27] <u>Córdova v. Larín</u>, res. el 2 de junio de 2000, 2000 TSPR 79, 151 D.P.R. ___ (2000), 2000 J.T.S. 92; <u>Rojas v. Axtmayer Ent., Inc.</u>, res. el 21 de marzo de 2000, 2000 TSPR 46, 150 D.P.R. ___ (2000), 2000 J.T.S. 59; <u>Figueroa v. Del Rosario</u>, res. el 23 de noviembre de 1998, 98 TSPR 158, 147 D.P.R. ___ (1998), 98 J.T.S. 151; <u>Arraiga v. F.S.E.</u>, <u>supra</u>; <u>Bco. Popular de P.R. v. Mun. de Aguadilla</u>, res. el 29 de diciembre de 1997, 144 D.P.R. ___ (1997), 97 J.T.S. 152.

término de cumplimiento estricto; que no conlleva como sanción la desestimación automática del recurso de apelación.

La certificación que exige tanto la Regla 13(B) como la Regla 15 del Reglamento del Tribunal de Circuito de Apelaciones, supra, tiene como propósito acreditar que efectivamente se ha cumplido con el requisito jurisdiccional de notificación con copia del recurso de apelación. Lo que se persigue con esto es eliminar o evitar controversias en torno al cumplimiento del tal requisito de notificación.[28] Por tanto, esa certificación sobre la notificación, o la ausencia de ésta, no determina el perfeccionamiento para efectos de la jurisdicción de un recurso de apelación presentado ante el Tribunal de Circuito de Apelaciones. El incumplimiento de tal obligación por la parte apelante no impide necesariamente que el Tribunal de Circuito de Apelaciones le dé curso al recurso, o que ese Tribunal esté impedido de atender los méritos de lo planteado. El incumplimiento injustificado con esa obligación del apelante podría dar lugar a dilaciones en el curso de los procedimientos u ocasionar otros inconvenientes ante ese Tribunal. El Tribunal de Circuito de Apelaciones tiene a su haber el imponer sanciones y emitir órdenes para obligar su cumplimiento. De no cumplir la parte apelante con las mismas, y agotados todos los recursos y remedios disponibles para lograr su cumplimiento, entonces, y sólo bajo tales circunstancias, podría el Tribunal de Circuito de Apelaciones desestimar el recurso de apelación presentado, como último remedio.

Así, pues, habiendo quedado acreditada la forma y circunstancias de la notificación del escrito, en cumplimiento de la orden dictada por el Tribunal de Circuito de Apelaciones, sin que en ningún momento haya sido controvertida por los aquí recurridos, debemos concluir que no existía razón para desestimar el recurso de apelación, ya que quedó demostrado ante ese Tribunal que en efecto se notificó su presentación a los recurridos dentro del término jurisdiccional.[29]

Todo incumplimiento con un requisito jurisdiccional dispuesto por ley para el perfeccionamiento de un recurso de apelación ante el Tribunal de Circuito de Apelaciones produce, necesariamente, la desestimación del mismo. Igual resultado podría producir el incumplimiento, sin justa causa,

---

[28] Rodríguez v. Sucn. Martínez, supra.
[29] Íd., págs. 52-53.

con términos o requisitos de estricto cumplimiento en el perfeccionamiento de un recurso de apelación, cuando impide u obstaculiza que se le dé curso o pueda ser atendido en los méritos. No obstante, el incumplimiento con los demás términos o requisitos de cumplimiento estricto para el perfeccionamiento de un recurso de apelación, sin justa causa, no conlleva la drástica medida que comprende su desestimación automática.

Desde hace un tiempo atrás este Tribunal ha venido señalando que las disposiciones reglamentarias sobre los recursos a presentarse en los tribunales han de observarse rigurosamente.[30] Sin embargo, hemos sido consistentes en cuanto a la aplicación flexible de ciertas disposiciones reglamentarias, en situaciones muy particulares, en las cuales se justifica tal flexibilidad.[31] Siempre hemos reconocido, que el Tribunal de Circuito de Apelaciones –como este Tribunal– tiene amplia facultad para desestimar recursos incompletos, mal perfeccionados o presentados fuera de término.[32] Sin embargo, el incumplimiento de la parte apelante con ciertas disposiciones reglamentarias, no jurisdiccionales, o de aquellas que establecen términos o requisitos de cumplimiento estricto, cuando tal incumplimiento injustificado no impide que se le dé curso al recurso o que sea atendido los méritos del mismo, no implica necesariamente que la apelación presentada ante el Tribunal de Circuito de Apelaciones no haya sido perfeccionada sustancialmente conforme a derecho, y que, por lo tanto, produzca la desestimación automática del mismo.

Por sus drásticas consecuencias, el mecanismo procesal de la desestimación, como regla general, debe utilizarse sólo como último recurso en aquellos casos de incumplimiento de algunas de las disposiciones del Reglamento del Tribunal de Circuito de Apelaciones, relativas a los recursos

---

[30] Íd., pág. 53; Arraiga v. F.S.E., supra, págs. 687–688; Cárdenas Maxán v. Rodríguez, 119 D.P.R. 642, 659 (1987); In re Reglamento del Tribunal Supremo, 116 D.P.R. 670, 672 (1985); Matos v. Metropolitan Marble Corp., 104 D.P.R. 122, 125 (1975).

[31] Véase Codesi, Inc. v. Mun. de Canóvanas, res. el 24 de marzo de 2000, 2000 TSPR 48, 150 D.P.R. ___ (2000), 2000 J.T.S. 61, págs. 883–884; Arraiga v. F.S.E., supra, pág. 668. Véase también, López Rivera v. Rivera Díaz, 141 D.P.R. 194 (1996); Santos y otros v. Mun. de Comerío, 140 D.P.R. 12 (1996).

[32] Córdova v. Larín, supra, pág. 1224; Soc. de Gananciales v. García Robles, res. el 23 de enero de 1997, 142 D.P.R. 241 (1997). Véase además, Regla 53.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 53.1 (k) y (l); Regla 83 del Reglamento del Tribunal de Circuito de Apelaciones, 4 L.P.R.A. Ap. XXII-A, R. 84.

de apelación que no contienen requisitos jurisdiccionales o de cumplimiento estricto, cuyo incumplimiento impiden se le dé curso al recurso o que pueda ser atendido en los méritos.[33]  Actuar en contrario, podría, en la práctica, privar al ciudadano del derecho estatutario a la apelación.[34]  Se impone la utilización por ese Tribunal, para el cumplimiento de tales disposiciones, de medidas intermedias dirigidas al trámite y perfeccionamiento diligente de los recursos de apelación presentados ante sí.

Nuestro norte en estas situaciones lo es el principio rector de que las controversias judiciales, en lo posible, se atiendan en los méritos.[35]  Nos anima el interés y propósito de viabilizar el derecho de los litigantes a que las sentencias emitidas por el Tribunal de Primera Instancia puedan ser revisadas en apelación por un tribunal colegiado, tomando en consideración la necesidad del Tribunal de Circuito de Apelaciones de promover su adecuado funcionamiento y asegurar la atención justa, rápida y económica de esos recursos.  Por lo tanto, intimamos a ese Tribunal para que evalúe qué tipo de sanción, si alguna, ha de imponerse por el incumplimiento de ciertas disposiciones de su reglamento para el trámite y perfeccionamiento de un recurso de apelación, que no contienen requisitos jurisdiccionales o de cumplimiento estricto, cuyo incumplimiento no impide que se le dé curso al recurso o que puedan ser atendidos los méritos del mismo, y que no conllevan, a su vez, la desestimación automática del recurso de apelación, a tenor con la normativa ya pautada por este Tribunal.[36]

III

Por los fundamentos antes expuestos, procede expedir el auto de certiorari solicitado y dictar sentencia revocatoria de la emitida por el

---

[33] Soc. de Gananciales v. García Robles, supra.

[34] Rodríguez v. Sucn. Martínez, supra; Soc. de Gananciales v. García Robles, supra.

[35] Íd.; Valentín v. Mun. de Añasco, res. el 26 de junio de 1998, 98 TSPR 83, 145 D.P.R. ___ (1998), 98 J.T.S. 84, págs. 1238-1239.

[36] La Regla 85 del Reglamento del Tribunal de Circuito de Apelaciones faculta a ese tribunal a imponer costas y sanciones económicas en todo caso y en cualquier etapa, a una parte o a su abogado(a) por la interposición de recursos frívolos, por conducta constitutiva de demora, abandono, obstrucción o falta de diligencia en perjuicio de la eficiente administración de la justicia.  4 L.P.R.A. Ap. XXII-A, R. 85 (C).

Tribunal de Circuito de Apelaciones, y devolver el caso a dicho foro para ulteriores procedimientos, de conformidad con lo aquí pautado.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

JOSÉ RIVERA SANTIAGO, su
Esposa GLADIS REYES, la
Soc. de Bienes Ganaciales
comp. por ambos; LEONARDO
ROBLES RODRÍGUEZ, su esposa
NELLY SANTANA PAGÁN, la Soc.
de Gananciales comp. por
ambos
      Peticionarios

         v.

MUNICIPIO DE GUAYNABO,
HON. HÉCTOR O'NEILL GARCÍA,
ALCALDE
       Recurridos

CC-2000-537     Certiorari

SENTENCIA

San Juan, Puerto Rico, a 3 de mayo de 2001.


Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte íntegra de la presente, se expide el auto de certiorari solicitado y se dicta sentencia revocando la emitida por el Tribunal de Circuito de Apelaciones.  Se devuelve el caso a dicho Tribunal para ulteriores procedimientos, de conformidad con lo aquí pautado.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rebollo López no interviene.  Los Jueces Asociados señores Hernández Denton y Fuster Berlingeri, concurren sin opinión escrita.


Isabel Llompart Zeno
Secretaria del Tribunal Supremo