ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL I

| MILAGROS LÓPEZ COTTO<br><br>APELANTE<br><br><br>V.<br><br><br>BAYAMÓN MEDICAL CENTER<br><br>APELADO | KLAN202201000 | *Apelación* Procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón |
|---|---|---|
| | | Civil Núm.: BY2022CV00899 Salón: 501 |
| | | SOBRE: Laboral, Despido Injustificado, Represalias (Ley 115), Discrimen (Ley 100) Ley Núm. 44-1985 (Protección a Impedidos) |

Panel integrado por su presidente el Juez Sánchez Ramos, el Juez Rivera Torres y el Juez Salgado Schwarz.

Salgado Schwarz, Carlos G., Juez Ponente

## S E N T E N C I A

En San Juan, Puerto Rico, a 30 de enero de 2023.

Comparece ante nos la Sra. Milagros López Cotto (señora López Cotto o Apelante) y solicita que revoquemos una *Sentencia Sumaria* emitida y notificada el 29 de noviembre de 2022 por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI). Mediante dicho dictamen, el TPI desestimó con perjuicio una *Querella* sobre despido injustificado, discrimen y represalias presentada por la señora López Cotto en contra de Bayamón Medical Center (BMC o Apelado), por entender que el despido de la Apelante fue conforme a derecho.

Por los fundamentos que exponemos a continuación, *desestimamos* el presente recurso por incumplimiento con

la Regla 13(B) del Reglamento de este Tribunal de Apelaciones, *infra*.

**-I-**

El 1 de marzo de 2022, la señora López Cotto presentó una *Querella*[1] en contra de BMC al amparo del procedimiento sumario que dispone la Ley Núm. 2 de 17 de octubre de 1961, conocida como la *Ley de Procedimiento Sumario de Reclamaciones Laborales* (Ley Núm. 2).[2] En su reclamación, expuso: (1) que trabajó como enfermera graduada para BMC desde el año 1987; (2) que debido a una intervención quirúrgica en sus cervicales, recibió los beneficios del Seguro de Incapacidad No Ocupacional (SINOT) por el plazo de un año; y (3) que, el 4 de febrero de 2022, tras agotar dicho beneficio, BMC se negó a proveerle acomodo razonable para que pudiese retomar sus labores y, en cambio, optó por despedirla.

Por su parte, el 9 de marzo de 2022, BMC presentó su *Contestación a la Querella*.[3] En esencia, argumentó que la señora López Cotto agotó su licencia médica bajo SINOT sin haberse recuperado totalmente de su incapacidad. Por lo cual, debido a que esta no podía efectuar las tareas básicas de su puesto, procedió a terminarle su empleo al amparo del Art. 2.16 de la Ley

---

[1] Apéndice del Recurso, págs. 1-4. En su Querella, la señora López Cotto imputó a BMC haber violentado los siguientes estatutos: Ley Núm. 100 de 30 de junio de 1959, conocida como la *Ley contra el Discrimen en el Empleo*, 29 LPRA sec. 146 *et seq*; Ley Núm. 44 de 2 de julio de 1985, conocida como la *Ley para Prohibir el Discrimen Contra las Personas con Impedimentos Físicos, Mentales o Sensoriales*, 1 LPRA sec. 501 *et seq*; *Americans with Disabilities Act*, 42 USC sec. 1201 *et seq*; Ley Núm. 80 de 30 de mayo de 1976, conocida como la *Ley Sobre Despidos Injustificados*, 29 LPRA sec. 185a *et seq*; Ley Núm. 115 de 20 de diciembre de 1991, conocida como la *Ley de Represalias contra el Empleado por Ofrecer Testimonio*, 29 LPRA sec. 194 *et seq*; y la Ley Núm. 139 de 26 de junio de 1968, conocida como la *Ley de Beneficio por Incapacidad Temporal*, 29 LPRA sec. 122o(e).
[2] 32 LPRA sec. 3118 *et seq*.
[3] Apéndice del Recurso, págs. 5-26.

Núm. 4 de 26 de enero de 2017, conocida como la *Ley de Transformación y Flexibilidad Laboral*.[4]

El 29 de julio de 2022, tras varios eventos procesales, y tras concluir el descubrimiento de prueba, BMC presentó una *Moción de Sentencia Sumaria*.[5] Expuso que, a base de los hechos, de la prueba documental y del derecho aplicable, procedía que se dictase sentencia a su favor y se desestimara la reclamación instada en su contra.

El 9 de agosto de 2022, la señora López Cotto presentó una *Oposición a Solicitud de Sentencia Sumaria* y, además, presentó su propia petición solicitando que se dictara sentencia concediendo su reclamación sumariamente.[6]

Posteriormente, luego de que BMC replicara la moción presentada por la señora López Cotto, el TPI emitió una *Sentencia* y desestimó con perjuicio la *Querella*.[7] En síntesis, el foro primario concluyó que el despido se realizó conforme a derecho, por tener el patrono una razón justificada.

Inconforme con dicha determinación, el 9 de diciembre de 2022, la Apelante compareció ante esta Curia y expuso los siguientes señalamientos de error:

> **Primer error:** Erró el Honorable Tribunal de Instancia de Bayamón al resolver a base del Artículo 2.16 de la Ley Núm. 4 de 2017 y no a base de la Ley 80 de 1976.

> **Segundo error:** Erró el Tribunal de Primera Instancia de Bayamón al no hacer determinaciones de hechos en cuanto a la fecha de contratación de la querellante e ignorar todos los hechos alegados por la querellante en su oposición a la solicitud de sentencia sumaria y solicitud de

---

[4] 29 LPRA sec. 122o(e).
[5] Apéndice del Recurso, págs. 27-382.
[6] *Id.*, págs. 383-723.
[7] *Id.*, págs. 750-771.

sentencia sumaria parcial sobre hechos controvertidos.

**Tercer error:** Erró el Tribunal de Primera Instancia de Bayamón al no hacer determinaciones de por qué la Querellante no es una persona cualificada bajo la Ley ADA y Ley 44 de 1991.

El 3 de enero de 2023, BMC compareció y presentó una *Solicitud de Desestimación por Falta de Jurisdicción.* En su escrito, argumentó que la señora López Cotto incumplió con la Regla 16(E) de nuestro Reglamento al notificarle por correo electrónico un recurso con un apéndice incompleto.[8] En particular, dispuso que la apelación notificada a su persona el 9 de diciembre de 2022 contenía solamente copia de la *Querella* del caso de autos y ciertas páginas correspondientes a la transcripción de una deposición tomada a la Apelante.[9] Sin embargo, señaló que el restante de documentación anejada al recurso original de autos se había omitido en la notificación que se le fue cursada por la Apelante. En vista de ello, nos solicitó que desestimáramos la apelación ante nuestra consideración o, en la alternativa, que ordenáramos a la señora López Cotto a que notificara un apéndice completo.

El 11 de enero de 2023, emitimos una *Resolución* concediéndole un término de siete (7) días a la señora López Cotto para que mostrara causa por la cual no debíamos desestimar su petición.

Conforme lo ordenado, el 17 de enero de 2023, la Apelante presentó su oposición a la solicitud de BMC. En

---

[8] 4 LPRA Ap. XXII-B R. 16(E).
[9] Tales documentos fueron notificados en cinco (5) correos electrónicos enviados por la Apelante a BMC entre las 7:25pm y 8:38pm del 9 de diciembre de 2022. Véase, Declaración Jurada anejada a la *Solicitud de Desestimación por Falta de Jurisdicción*.

síntesis, argumentó que: (1) aunque omitió incluir varios documentos en el apéndice del recurso notificado al Apelado, este último tenía acceso a los mismos por ser parte del caso; (2) que el término de diez días para apelar era muy corto para manejar un apéndice de sobre 800 páginas; (3) que aunque intentó notificar el apéndice completo mediante correo electrónico, el sistema falló por razones que le eran desconocidas; y (4) que al advenir en conocimiento de la situación, subsanó los defectos notificando el apéndice completo al Apelado.

**II.**

Las normas sobre el perfeccionamiento de los recursos apelativos deben ser observadas rigurosamente y su cumplimiento no puede quedar al arbitrio de los comparecientes o sus abogados.[10] Particularmente, el requisito de notificación es imperativo, ya que es el medio por el cual las partes obtienen conocimiento de los recursos instados en su contra.[11] La carencia de notificación a una de las partes incide sobre la jurisdicción de los tribunales, impidiendo que estos puedan atender los casos en sus méritos y, como consecuencia de ello, provocando la desestimación de los recursos.[12]

Sobre el particular, la Regla 13(B) del Reglamento de este Tribunal establece que, en las apelaciones de casos civiles, un apelante debe cumplir con los

---

[10] *Pérez Soto v. Cantera Pérez*, 188 DPR 98, 105 (2013), citando a *Hernández Maldonado v. Taco Maker*, 181 DPR 281 (2011); *García Ramis v. Serrallés*, 171 DPR 250 (2007); *Arriaga v. F.S.E.*, 145 DPR 122 (1998).
[11] *Soto Pino v. Uno Radio Group*, 189 DPR 84, 90 (2013).
[12] *Pérez Soto v. Cantera Pérez*, *supra*, pág. 105.

siguientes requerimientos relacionados a la notificación de las partes involucradas en el caso:

> **(B) Notificación a las partes**
>
> (1) Cuándo se hará
>
> La parte apelante notificará el recurso apelativo **y los Apéndices dentro del término dispuesto para la presentación del recurso**, siendo éste un término de **estricto cumplimiento**.
>
> La parte apelante deberá certificar con su firma en el recurso, por sí o por conducto de su representación legal, la fecha en que se efectuó la notificación. Esta norma es aplicable a todos los recursos.
>
> (2) Cómo se hará
>
> La parte apelante notificará el recurso de apelación debidamente sellado con la fecha y hora de su presentación mediante correo certificado o servicio de entrega por empresa privada con acuse de recibo. **Podrá, además, utilizar los siguientes métodos sujeto a lo dispuesto en estas reglas:** correo ordinario, entrega personal, telefax o **correo electrónico**, siempre que el documento notificado sea **copia fiel y exacta del documento original**. (Énfasis nuestro).[13]

Como es posible observar, el término para notificar el recurso a todas las partes es uno de cumplimiento estricto. Para prorrogar un término de cumplimiento estricto se requiere que se presente dicha solicitud por los menos tres (3) días laborables antes de expirar el plazo.[14] De igual forma, se requiere que la parte que haga tal petición, o que actúe fuera de término, presente justa causa por la cual no pudo cumplir con el término establecido.[15] En ausencia de justa causa, los foros judiciales carecemos de discreción para eximir su cumplimiento.[16] La acreditación de justa causa debe hacerse con explicaciones concretas y particulares,

---

[13] 4 LPRA Ap. XXII-B R. 13(B).
[14] 4 LPRA Ap. XXII-B R. 72.
[15] *Soto Pino v. Uno Radio Group*, *supra*, citando a *Cruz Parilla v. Depto. Vivienda*, 184 DPR 393 (2012).
[16] *Id.*, citando *Arriaga v. F.S.E.*, *supra*, pág. 132.

debidamente evidenciadas en el escrito.[17] Por lo cual, las vaguedades y las excusas o planteamientos estereotipados son insuficientes.[18]

**-III-**

Tras evaluar la solicitud de desestimación presentada por BMC, la oposición de la señora López Cotto a la misma y los acontecimientos procesales del presente caso, entendemos procedente desestimar la apelación ante nuestra consideración.[19] Explicamos.

Debido a que la *Querella* que da base al recurso de autos fue presentada por medio del procedimiento sumario para reclamaciones laborales que dispone la Ley Núm. 2, la Apelante contaba con diez (10) días para presentar su apelación ante este Tribunal.[20] Al amparo de nuestro Reglamento, dentro de ese mismo término, esta debía notificar una copia fiel y exacta de su recurso **y los apéndices correspondientes** a la parte contraria. De entender que, por razones justificadas, no podía cumplir con dicho deber, la Apelante podía solicitar un plazo adicional para satisfacer su obligación, previo a vencerse el plazo original que tenía para notificar su recurso a todas las partes.

En este caso, aunque la señora López Cotto presentó su apelación en el último día hábil que tenía para así hacerlo, no cumplió con su deber de notificar su recurso al Apelado conforme lo requiere nuestro Reglamento. Esto pues, al notificar a BMC la apelación instada, omitió incluir la mayoría de los documentos que fueron anejados

---

[17] *Id.*, citando a *Febles v. Romar*, 159 DPR 714, 720 (2003).
[18] *Id.*
[19] Aunque BMC fundamentó su solicitud de desestimación en el incumplimiento de la Apelante con la Regla 16(E) de nuestro Reglamento, *supra*, la disposición reglamentaria que aplica al presente caso lo es la Regla 13(B), *supra*.
[20] 32 LPRA sec. 3127.

en el recurso presentado ante este Tribunal. La Apelante debió rectificar dicho error dentro del término de diez (10) días que tenía para presentar su recurso. En la alternativa, de necesitar tiempo adicional, debió solicitar una prórroga a tales efectos, tres (3) días previo a que venciera el plazo original. No obstante, esta optó por esperar a que BMC presentara su moción de desestimación para intentar corregir la notificación defectuosa de su recurso por medio de planteamientos inmeritorios y a destiempo.

Por lo cual, siendo la notificación adecuada y oportuna indispensable para lograr el perfeccionamiento los recursos apelativos, y habiéndose incumplido con ello en este caso, entendemos que procede desestimar la presente apelación.

**-IV-**

Por las razones antes expuestas, *desestimamos* el presente recurso por incumplimiento con la Regla 13(B) del Reglamento de este Tribunal de Apelaciones, *supra*.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

El Juez Sánchez Ramos disiente con opinión escrita.

*Lcda. Lilia M. Oquendo Solís*
*Secretaria del Tribunal de Apelaciones*

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| MILAGROS LÓPEZ COTTO<br><br>Apelante<br><br>v.<br><br>BAYAMÓN MEDICAL CENTER<br><br>Apelado | KLAN202201000 | *Apelación*<br>Procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Civil Núm.:<br><br>BY2022CV00899<br>Salón: 501<br><br>SOBRE:<br><br>Laboral, Despido Injustificado, Represalias (Ley 115),<br>Discrimen (Ley 100)<br>Ley Núm. 44-1985 (Protección a Impedidos) |

Panel integrado por su presidente el Juez Sánchez Ramos, el Juez Rivera Torres y el Juez Salgado Schwarz.

**OPINIÓN DISIDENTE DEL JUEZ SÁNCHEZ RAMOS**

No procedía la desestimación de la apelación de referencia. El defecto en la notificación del recurso por la parte apelante no priva de jurisdicción a este Tribunal en estas circunstancias. Se trata, no de una ausencia de notificación, la cual, en ausencia de justa causa, requiere la desestimación del recurso, sino de un <u>defecto</u> que se puede corregir (al enviarse el recurso por *email*, se omitieron algunos de los documentos incluidos en el apéndice del mismo).

Nuestra conclusión es la única compatible con el mandato expreso de la Ley de la Judicatura, la cual nos requiere "reducir al mínimo" los recursos desestimados por "**defectos** de forma o **de notificación**", Ley Núm. 201-2003, 4 LPRA sec. 24w (énfasis suplido); véanse, además, las Reglas 2 y 12.1 del Reglamento de este Tribunal, 4 LPRA Ap. XXII-B, R. 2 y R. 12.1. En efecto, el mandato de dicha ley es proveer una "oportunidad razonable para la

corrección de **defectos** de forma o **de notificación** que no afecten los derechos de las partes". 4 LPRA sec. 24w (énfasis suplido).

De conformidad con dicho mandato, cuando se configura un defecto en la notificación (en este caso, por haberse omitido algunos anejos), se debe permitir la corrección del defecto sin desestimarse la apelación. Esta conclusión, además de ser fiel a lo dispuesto en la Ley de la Judicatura, *supra*, y en nuestro Reglamento, *supra*, adelanta el importante interés público en proveer un foro de apelación para la parte adversamente afectada por una sentencia.

Así pues, la ley nos **obliga** a proveer una oportunidad razonable de corregir el problema a la parte que notifica defectuosamente un recurso, siempre que no se afecten los derechos de la otra parte. En este caso, contrario al claro mandato de la ley, no se suplió dicha oportunidad a la apelante. Ello a pesar de que, por razones obvias, la omisión de notificar la totalidad de los anejos dentro del término de cumplimiento estricto no afectó de forma alguna los derechos de la parte apelada. Adviértase que se trata de los documentos del propio expediente del caso, los cuales deben estar en posesión de la parte apelada (aparte de que están disponibles de forma rápida y fácil a través de la plataforma de SUMAC).

Independientemente de lo anterior, hay otra razón por la cual procedía denegar la moción de desestimación. Al oponerse a la misma, la parte apelante acreditó de forma suficiente que hubo justa causa para la omisión de notificar los anejos. En efecto, dicha parte consignó que, "por el volumen de documentos que surgen del Apéndice (más de 800 páginas), por razones que desconocemos[,] los correos electrónicos no enviaron la totalidad de los documentos a la representación legal de la parte apelada", ello a pesar de que el recurso se envió en "seis (6) correos electrónicos distintos". Estimo que esta explicación, que vino respaldada por copia de los envíos de

varios correos electrónicos (cada uno con varios *attachments*), constituye justa causa para el defecto de notificación.

Como bien señalaba el Juez Brau, "[a]plicar la sanción de la desestimación a todo incumplimiento procesal implica conferirle carácter jurisdiccional a requisitos que no lo tienen, lo que nos parece contrario a la voluntad del Legislador." Véase voto disidente (J. Brau Ramírez), KLAN201500090, de 8 de mayo de 2015 (citas omitidas). De la misma forma, concurro con las siguientes expresiones del referido magistrado, las cuales resultan aplicables y pertinentes en este contexto:

> No todo incumplimiento con un requisito procesal da lugar a la desestimación de un recurso. Si así fuera, todos los requisitos procesales tendrían carácter jurisdiccional. *S.L.G. v. Mun. de Guaynabo*, 154 D.P.R. 98, 109-111 (2001). Ello derrotaría el propósito del legislador de que se permita corregir defectos que no afecten los derechos de las partes. Véase voto disidente (J. Brau Ramírez), KLCE20140077, de 30 de junio de 2014.

> Este Tribunal no ha seguido el mandato de la Asamblea Legislativa. …

> Cabe recordar que el Tribunal de Apelaciones se creó en 1992, porque existía una insatisfacción generalizada por la creciente disposición de los casos mediante un "no ha lugar", sin brindar una adecuada justificación de la decisión emitida a nivel apelativo. Véanse, Francisco Castro Amy, La inmoralidad del "No Ha Lugar", 46 Rev. Col. Abo. P.R. 7 (1987); Miguel A. Velázquez Rivera, No Ha Lugar, 51 Rev. Jur. U.P.R. 453 (1982). El no ha lugar de antaño, que tanta insatisfacción ocasionaba entre nuestros abogados, hoy en día se ha transformado en una sentencia desestimatoria basada en defectos procesales.

> La postura anterior resulta fundamentalmente contraria a la moderna filosofía procesal que aborrece los formalismos. …

> Las normas procesales que se están aplicando en Puerto Rico nos apartan de la trayectoria que siguen los tribunales federales y los tribunales de apelaciones de los Estados Unidos …

> … No debemos incurrir en el vicio que el decano Roscoe Pound de Harvard denominó como "jurisprudencia mecánica." Véase Voto disidente (J. Brau Ramírez), KLAN201500853, de 22 junio 2015 (citas omitidas).

Los tribunales tenemos el deber de re-pensar las normas excesivamente formalistas y rígidas que permean el derecho procesal apelativo en nuestra jurisdicción, muchas de las cuales son producto de interpretaciones que son contrarias al mandato general, y al espíritu, de la Ley de la Judicatura.

Respetuosamente disentimos.

En San Juan, Puerto Rico, a 30 de enero de 2023.


HON. ROBERTO SÁNCHEZ RAMOS
JUEZ DE APELACIONES