AC-1999-48                                        1

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Drogueria Central Inc.<br>    Peticionaria<br><br>    v.<br><br>Diamond Pharmaceuticals Serv., Inc. y otros<br>    Recurridos | Apelación<br><br>2000 TSPR 5 |

Número del Caso: AC-1999-0048

Fecha: 19/01/2000

Tribunal de Circuito de Apelaciones: Circuito Regional II

Panel Integrado por: Hon. Sánchez Martínez
                     Hon. Cotto Vives
                     Hon. Ramos Buonomo

Abogados de la Parte Peticionaria: Lcdo. Edgardo Colón Arrarás
                                   Lcda. Wilda Rodríguez Plaza

Abogados de la Parte Recurrida: Lcdo. Fernando Agrait Betancourt

Materia: Cobro de Dinero

    Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


Droguería Central, Inc.

    Peticionaria


          v.                          AC-1999-48


Diamond Pharmaceuticals Serv.,
Inc., y otros

    Recurridos


PER CURIAM
REGLA 50


San Juan, Puerto Rico, a 19 de enero de 2000


Hoy nos corresponde determinar el alcance del requisito procesal de acreditar la notificación de un recurso por entrega personal dispuesto por la Regla 13(B) del Reglamento del Tribunal de Circuito de Apelaciones, 4 L.P.R.A. Ap. XXII-A.


I

El 5 de abril de 1999, Droguería Central, Inc. (peticionaria) presentó un recurso de apelación ante el Tribunal de Circuito de Apelaciones (Tribunal de

Circuito).[1]  En el escrito, la peticionaria certificó haber notificado, mediante entrega personal, al abogado de la parte recurrida y a la Secretaría del Tribunal de Primera Instancia, Sala Superior de Bayamón.

Al día siguiente, la peticionaria presentó una moción en la cual acreditó haber notificado copia del recurso al Tribunal de Primera Instancia pero, alegadamente, no acreditó la notificación mediante entrega personal a la parte recurrida.  En consecuencia, el Tribunal de Circuito le ordenó que mostrara causa por la cual no debía desestimar el recurso por no haber sido perfeccionado a tenor con la Regla 13(B) de su Reglamento.

La peticionaria compareció mediante moción al efecto.  Señaló que el haber certificado en el propio escrito de apelación la notificación personal a la oficina del abogado de la otra parte, Lcdo. Fernando E. Agrait, era suficiente en derecho para entender que se cumplió con el requisito de notificación.  Apoyada en el texto de la Regla 15 del Reglamento del Tribunal de Circuito de Apelaciones, supra, expresó que no era necesario presentar moción suplementaria en torno a la notificación debido a que "no hubo desviación alguna respecto a los términos de la certificación de notificación de[l] escrito...".

El 21 de junio de 1999, el Tribunal de Circuito emitió una sentencia mediante la cual desestimó el recurso de la peticionaria al ésta no haber certificado "el modo y las circunstancias de notificación mediante entrega personal a la parte apelada dentro del plazo de cuarenta y ocho (48) horas provisto en la ... Regla 13(B) de nuestro Reglamento y, sobre todo, no habiéndose hecho la notificación mediante un servicio similar de entrega personal por empresa privada con acuse de recibo...".

Denegada la reconsideración, la peticionaria acudió ante nos mediante un recurso de apelación.  Atendido como uno de certiorari por

---

[1]  En dicho recurso apeló una sentencia del Tribunal de Primera Instancia, Sala Superior de Bayamón dictada en su contra el 1 de marzo de 1999 y cuya notificación se archivó en autos el 4 de marzo.

ser éste el apropiado, y a tenor con la Regla 50 del Reglamento del Tribunal Supremo, 4 L.P.R.A Ap. XXI-A, decidimos revisar sin ulteriores procedimientos.[2] En esencia planteó que el Tribunal de Circuito abusó de su discreción al interpretar restrictivamente la Regla 13(B) de su Reglamento. En consecuencia, sostuvo que dicho tribunal erró al resolver que la peticionaria no perfeccionó su solicitud de apelación conforme a derecho.

El asunto ante nos debe ser evaluado a la luz del principio rector de que las controversias judiciales, en lo posible, se atiendan en los méritos.

II

La Regla 13(B) del Reglamento del Tribunal de Circuito de Apelaciones, supra, dispone, en lo pertinente, lo siguiente:

> La parte apelante notificará el escrito por correo certificado con acuse de recibo o mediante un servicio similar de entrega personal con acuse de recibo. La notificación a las partes se hará dentro del término jurisdiccional para presentar el recurso, a partir del archivo en autos de la copia de la notificación de la sentencia. ...**La entrega personal deberá hacerse en la oficina de los(as) abogados (as) que representen a las partes y entregarse a éstos (as) o a cualquier persona a cargo de la oficina. De no estar la parte o las partes representadas por abogado(a) la entrega se hará en el domicilio o dirección de la parte o partes según ésta[s] surja[n] de los autos, a cualquier persona de edad responsable que se encuentre en la misma. En los casos de entrega personal, se certificará la forma y circunstancias de tal diligenciamiento, lo que se hará dentro de la próximas cuarenta y ocho (48) horas.** El término aquí dispuesto será de cumplimiento estricto.

El comentario de dicha Regla dispone, en lo aquí pertinente que:

> La exigencia de una constancia de entrega, tanto cuando se utiliza el correo como el servicio de entrega privado, persigue evitar controversias y litigios secundarios en torno al cumplimiento del requisito jurisdiccional de notificación. Toda vez que **el aspecto jurisdiccional está enmarcado en que la notificación se haga dentro del término y no en el método que se utilice para ello**, cuando la notificación se haga mediante entrega personal, no a través del correo o de un servicio de entrega privado, la parte

---

[2] Véase, Art. 3.002(d)(1) de la Ley de la Judicatura de Puerto Rico de 1994, según enmendada por la Ley Núm. 248 de 25 de diciembre de 1995, 4 L.P.R.A. sec. (d)(1).

actora vendrá obligada igualmente a certificar la forma y a las circunstancias del diligenciamiento. (Énfasis nuestro.)

Como podemos apreciar, la disposición antes citada dispone dos medios para notificar copia del recurso a la parte apelada, a saber, por correo certificado con acuse de recibo o mediante un servicio similar de entrega personal con acuse de recibo. Ahora bien, cuando la parte apelante decide notificar el escrito mediante entrega personal, deberá certificar la forma y las circunstancias del diligenciamiento. Bajo ninguna circunstancia establece que al utilizar tal mecanismo la parte apelante advenga en la obligación de certificar que la notificación fue hecha mediante servicio similar de entrega personal privada con acuse de recibo. **Lo importante es que el escrito sea notificado a la parte apelante dentro del plazo reglamentario**. Según bien indica el comentario a la Regla 13(B), **"el aspecto jurisdiccional está enmarcado en que la notificación se haga dentro del término y no en el método que se utilice para ello..."**. (Énfasis nuestro.)

No obstante lo anterior, el Tribunal de Circuito determinó que en todos los casos de notificación de un escrito, **mediante entrega personal**, se activa una obligación procesal distinta y separada que consiste en la presentación de una certificación suplementaria dentro del plazo de cuarenta y ocho (48) horas en la cual se acreditará el "cómo y cuándo, y el por quién y a quién", en torno a dicha notificación. En apoyo a su posición utilizó como base lo resuelto en Colón Morales v. Rivera Morales, Op. de 30 de octubre de 1998, 146 D.P.R.___ (1998), 98 JTS 153. En ese caso expresamos que la Regla 13(B), supra, configuraba dos obligaciones procesales: la notificación en sí a las partes, y la certificación de las formas y circunstancias del diligenciamiento cuando esa notificación se hace por entrega personal.

Conforme a su interpretación muy particular, el Tribunal de Circuito resolvió que la primera obligación quedaba cumplida con la

notificación del recurso ya sea mediante correo certificado por el Servicio Postal de Estados Unidos con acuse de recibo o mediante un servicio similar de entrega personal por empresa privada con acuse de recibo dentro del término para apelar. En cuanto a la segunda obligación señaló que ésta no quedaba cumplida con el solo hecho de certificar en el recurso "haber notificado mediante entrega personal, copia de esta moción [sic] al Lcdo. Fernándo E. Agrait, Ave. Ponce De León Núm. 701, edificio Centro de Seguros, Oficina 415, San Juan, P.R. 00907", sino que la parte debía expresar además, las circunstancias de tal diligenciamiento. En otras palabras, tenía la obligación de informar al Tribunal en cuanto a la empresa privada que hizo la entrega e indicar si la empresa es una que efectúa sus entregas mediante acuse de recibo. Añadió el foro apelado que, "es evidente que el legislador quiso que cuando se le encargue la entrega del recurso a una entidad distinta al correo federal, se tenga constancia de sus circunstancias en previsión de posibles controversias en torno al hecho y circunstancias de la entrega." Finalmente, señaló que la certificación de la entrega personal del escrito tenía que hacerse en una moción de certificación de entrega separada del escrito de apelación. En términos fácticos y jurídicos, la interpretación hecha por el Tribunal de Circuito de la Regla 13(B) de su Reglamento es literal y restrictivamente errónea. Veamos, pues.

De entrada hay que destacar que el caso que nos ocupa plantea una situación totalmente distinta a la de Colón Morales v. Rivera Morales, supra. En este último, la parte apelante no notificó el recurso sino hasta tres (3) días después de haberlo radicado. La notificación a la parte apelada se hizo una vez vencido el término jurisdiccional para presentar el recurso.

De otra parte y como ya hemos visto, la Regla 13(B) no provee una guía en cuanto al tipo información que se requiere en la certificación de la notificación mediante entrega personal ni que la misma debe constar en moción separada. Del comentario que acompaña a la Regla

13(B), tampoco se desprende la calidad ni la cantidad de dicha información en casos de entrega personal. Lo que sí se desprende es que el propósito de dicho requisito persigue eliminar o evitar controversias y litigios secundarios en torno al cumplimiento del requisito jurisdiccional de notificación.

## III

En el presente caso no cabe duda que Droguería Central certificó la forma y las circunstancias de la notificación mediante entrega personal al plasmar en el propio escrito de apelación que ese mismo día, mediante entrega personal, notificó copia del recurso a la representación legal de la parte apelada aquí recurrida. Además, y en cumplimiento con la Regla 14(B) del Reglamento, al día siguiente, es decir el 6 de abril de 1999, la peticionaria presentó una moción mediante la cual acreditó la notificación de la apelación al Tribunal de Primera Instancia dentro del término reglamentario.

Por lo tanto, no cabe duda que, la primera obligación procesal de la Regla 13(B) de notificación del escrito a la parte apelada aquí recurrida fue oportuna.

La segunda obligación procesal vislumbrada en la Regla 13(B) y 15 del Reglamento,[3] y atendida en Colón Morales, supra, de certificar la

---

[3]    La Regla 15 del Reglamento del Tribunal de Circuito Apelaciones, dispone que:

> La parte apelante certificará al Tribunal de Circuito de Apelaciones, en el propio escrito de apelación, su cumplimiento con los términos dispuestos en las secciones pertinentes de la Regla 13. Cuando ocurra alguna desviación de los términos de certificación, la parte apelante así lo hará constar en una moción de certificación suplementaria explicando la manera en que se hayan remitido al Tribunal de Circuito de Apelaciones las copias de la apelación y se haya notificado a las partes con copia de la misma.

> Dicha certificación suplementaria se hará dentro de las cuarenta y ocho (48) horas siguientes a la presentación del escrito de apelación. El término aquí dispuesto será de cumplimiento estricto.

notificación, también se cumplió, dentro del término reglamentario. El 5 de abril de 1999, a tenor con las Reglas 13(B) del Reglamento, supra, se certificó en el propio escrito de apelación haber notificado, mediante entrega personal, copia del escrito de apelación a la representación legal de la parte apelada.

Cabe destacar que como parte de su diligencia y en reconsideración, la peticionaria, **aunque la Regla 13(B) no lo requiere**, le incluyó al Tribunal de Circuito copia del recibo de 5 de abril de 1999, que evidenciaba la notificación mediante entrega personal a la parte apelada.

A la luz de todo lo antes expuesto, es evidente que la información suministrada por la parte peticionaria fue suficiente para certificar la notificación dentro del término reglamentario del escrito mediante entrega personal y cumplir con el requisito de certificar la forma y circunstancias del diligenciamiento de la Regla 13(B). Por ende, era innecesario presentar otra información que no fuese la antes mencionada. Claro está y para mayor diligencia, la parte apelante siempre **puede** anejar al escrito, entre otras cosas, copia del recibo que indique la parte apelada en efecto recibió dicho escrito.

Es principio de hermenéutica que, bajo pretexto de buscar la intención legislativa, un tribunal no está autorizado a adicionarle limitaciones que no aparecen en un estatuto. Román v. Superintendente de la Policía, 93 D.P.R. 685, 686 (1987); Meléndez Ortiz v. Valdejully, 120 D.P.R. 1, 33 (1987).

En vista de lo anterior, resolvemos que el Tribunal de Circuito erró al desestimar el recurso por no haber la parte apelante, aquí peticionaria, cumplido con la Regla 13(B) de su Reglamento. Su interpretación de la Regla constituye una redacción judicial distinta de ésta, intercalándole limitaciones y cualificaciones restrictivas que no aparecen en su texto. En consecuencia, su determinación, además de ser claramente injusta y de atentar contra la solución de los casos en los méritos, resulta insostenible en derecho.

Por los fundamentos que anteceden, se expide el recurso de certiorari y se revoca la sentencia recurrida del Tribunal de Circuito de Apelaciones.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


Droguería Central, Inc.

    Peticionaria


        v.                          AC-1999-48


Diamond Pharmaceuticals Serv.,
Inc., y otros

    Recurridos


SENTENCIA
REGLA 50


San Juan, Puerto Rico, a 19 de enero de 2000


      Por los fundamentos expuestos en la Opinión Per Curiam que antecede, se expide el recurso de certiorari y se revoca la sentencia recurrida dictada por el Tribunal de Circuito de Apelaciones.


      Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.  EL Juez Asociado señor Rebollo López está inhibido.



Isabel Llompart Zeno
Secretaria del Tribunal Supremo