CC-1999-939                                          1

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Máximo Rodríguez Santiago etc<br>        Recurridos<br><br>        v.<br><br>Sucn. Manuel Martínez etc.<br>        Peticionarios | Certiorari<br><br>2000 TSPR 126 |

Número del Caso: CC-1999-0939

Fecha: 18/08/2000

Tribunal de Circuito de Apelaciones: Circuito Regional II

Juez Ponente: Hon. Cotto Vives

Abogado de la Parte Peticionaria:

                    Lcdo. Rafael Orraca

Abogada de la Parte Recurrida:

                    Lcda. Marisel Báez Santiago


Materia: Daños y Perjuicios


        Este documento constituye un documento oficial del Tribunal
        Supremo que está sujeto a los cambios y correciones del
        proceso de compilación y publicación oficial de las
        decisiones del Tribunal. Su distribución electrónica se hace
        como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Máximo Rodríguez Santiago,
et al

  Demandante y Recurridos

  v.                          CC-1999-939     Certiorari

Sucn. Manuel Martínez,
et al

  Demandado y Peticionarios

PER CURIAM

San Juan, Puerto Rico, a 18 de agosto de 2000.

Nos corresponde determinar si erró el Tribunal de Circuito de Apelaciones al desestimar un recurso de apelación por entender que el mismo no fue notificado a la parte recurrida de conformidad con la Regla 13(B) de su Reglamento, 4 L.P.R.A. Ap.XXII—A, R. 13(B). Revocamos.

I

El 30 de septiembre de 1999, el Tribunal de Primera Instancia decretó, mediante sentencia sumaria, la existencia de una servidumbre a favor de un predio propiedad de Máximo Rodríguez Santiago y Lucila Nieves Rivera, siendo el

predio sirviente propiedad de la Sucesión Manuel Martínez (en adelante la Sucesión). La Sucesión presentó recurso de apelación ante el Tribunal de Circuito de Apelaciones.

Dicho recurso fue desestimado por el Tribunal de Circuito de Apelaciones por falta de jurisdicción. Luego de varios trámites procesales, este Tribunal determinó que el foro apelativo tenía jurisdicción para entender en el asunto y le ordenó "entender en los méritos el recurso presentado". <u>Rodríguez Santiago</u> v. <u>Sucn. Manuel Martínez</u>, Sentencia de 9 de abril de 1999.

Examinado el escrito de apelación, el tribunal apelativo entendió que el mismo no cumplía con las Reglas 13(B) y 14(B) de su Reglamento pues no se acreditó haber notificado copia del recurso al Tribunal de Primera Instancia ni se acreditó el método de entrega utilizado para notificar a la parte recurrida[1]. Por tal razón, le concedió un término a la Sucesión para que evidenciara haber cumplido con los requisitos de notificación dispuestos por dichas reglas.

Oportunamente la Sucesión presentó una moción informativa y acompañó evidencia de haber presentado copia del escrito de apelación ante el tribunal de instancia. Respecto a lo ordenado en cuanto a la notificación del escrito de apelación a la parte apelada, la Sucesión informó:

> ..."que dicha notificación se hizo personalmente por el abogado que suscribe en la oficina de la Licenciada Marisel Báez Santiago en su dirección en la Avenida Muñoz Rivera #898, Oficina 103 en Río Piedras. Acción que entendemos es más segura y fehaciente que hacerlo por correo aun en forma certificada ya que no hay la intervención institucional del Servicio del Correo ni de terceras personas en la entrega del documento siendo la entrega personal la forma más eficiente de notificación".[2]

El Tribunal de Circuito de Apelaciones emitió sentencia desestimando el recurso por carecer de jurisdicción, al entender que la

---

[1] En su escrito de apelación, la Sucesión certificó que: "[e]n esta misma fecha hemos enviado copia del presente escrito a la Lcda. Marisel Báez Santiago, Ave. Muñoz Rivera núm. 898, oficina 103, Río Piedras, Puerto Rico 00917-4303". Apéndice a la página 24.

[2] Apéndice a las páginas 71-72.

Sucesión no certificó en su escrito de apelación haber notificado a la recurrida ni evidenció el modo de notificación. La Sucesión solicitó reconsideración la cual fue declarada no ha lugar.

Oportunamente, la Sucesión solicitó ante nos la revisión de dicha sentencia. El 28 de enero de 2000 emitimos una Resolución y ordenamos a la parte recurrida que compareciese y mostrase causa por lo cual no debía revocarse la sentencia recurrida. Examinada la comparecencia de la parte recurrida, resolvemos según lo intimado.

II

La Regla 13(B) del Reglamento del Tribunal de Circuito Apelaciones, *supra*, dispone, en lo pertinente:

> La parte apelante notificará el escrito por correo certificado con acuse de recibo o mediante un servicio similar de entrega personal con acuse de recibo. La notificación a las partes se hará dentro del término jurisdiccional para presentar el recurso, a partir del archivo en autos de la copia de la notificación de la sentencia. [...] La entrega personal deberá hacerse en la oficina de los(as) abogados(as) que representen a las partes y entregarse a éstos(as) o a cualquier persona a cargo de la oficina. De no estar la parte o las partes representadas por abogado(a) la entrega se hará en el domicilio o dirección de la parte o partes según ésta surja de los autos, a cualquier persona de edad responsable que se encuentre en la misma. En los casos de entrega personal, se certificará la forma y las circunstancias de tal diligenciamiento, lo que se hará dentro de las próximas cuarenta y ocho (48) horas. El término aquí dispuesto será de cumplimiento estricto.

El comentario de dicha Regla en lo pertinente dispone:

> La exigencia de una constancia de entrega, tanto cuando se utiliza el correo como el servicio de entrega privado, persigue evitar controversias y litigios secundarios en torno al cumplimiento del requisito jurisdiccional de notificación. Toda vez que el aspecto jurisdiccional está enmarcado en que la notificación se haga dentro del término y no en el método que se utilice para ello, cuando la notificación se haga mediante entrega personal, no a través del correo o de un servicio de entrega privado, la parte actora vendrá obligada igualmente a certificar la forma y las circunstancias del diligenciamiento.

Recientemente, en Droguería Central, Inc. v. Diamond Pharmaceuticals Serv., Inc., res. el 19 de enero de 2000, 2000 TSPR 5, tuvimos la oportunidad de determinar el alcance del requisito procesal

de acreditar la notificación de un recurso por entrega personal dispuesto por la Regla 13(B), *supra*. Concluimos que un examen del texto de la referida regla demostraba que la misma no provee una guía en cuanto al tipo de información que se refiere en la certificación de la notificación mediante entrega personal, ni que la misma debe constar en moción separada. También aclaramos que del comentario que acompaña a la Regla 13(B) tampoco se desprende la calidad ni la cantidad de la información que debe ser suministrada en casos de entrega personal.

En aquella ocasión, animados por el interés de viabilizar el derecho de los litigantes, avalado por legislación, de que las decisiones emitidas por el Tribunal de Primera Instancia en casos originados allí, puedan ser revisadas en apelación por un tribunal colegiado, y tomando en consideración la necesidad del Tribunal de Circuito de Apelaciones de promover su adecuado funcionamiento y asegurar la atención justa, rápida y económica de las controversias que se presentan ante dicho foro, resolvimos que la obligación de certificar la forma y circunstancias del diligenciamiento cuando la notificación se hace mediante entrega personal quedaba cumplida con el solo hecho de certificarlo en el escrito de apelación.

Específicamente aclaramos que, a pesar de que la regla dispone dos medios para notificar copia del recurso a la parte apelada, a saber, por correo certificado con acuse de recibo o mediante un servicio similar de entrega personal con acuse de recibo, y que en aquellos casos en que la parte apelante decida notificar el escrito mediante entrega personal, deberá certificar la forma y circunstancias del diligenciamiento, esto no impone a la parte apelante la obligación de certificar que la notificación fue hecha mediante servicio de entrega personal con acuse de recibo. Droguería Central, supra.

Al explicar el propósito del requisito de certificación de la notificación del escrito aclaramos que lo que se persigue es eliminar o evitar controversias y litigios secundarios en torno al cumplimiento del requisito jurisdiccional de notificación. Es por esta razón que

cuando una parte decide notificar un escrito mediante entrega personal, la forma y circunstancias del diligenciamiento quedan satisfechas al indicarse en el propio escrito que el mismo día, mediante entrega personal, se notificó copia del recurso a la representación legal de la parte apelada. Resaltamos que lo importante es que el escrito fuese notificado a la otra parte dentro del plazo reglamentario independientemente del método que se utilice para ello. Droguería Central, supra.

## III

A la luz de lo anteriormente esbozado analicemos los hechos ante nos.

Un examen del expediente revela un tortuoso historial apelativo. El escrito de apelación fue presentado el 19 de septiembre de 1997. El mismo fue desestimado por falta de jurisdicción el 19 de diciembre de 1997. Posteriormente, el 9 de febrero de 1998, fue declarada con lugar una moción de reconsideración. El 10 de marzo de 1998, el tribunal apelativo ordenó a los apelantes mostrar causa por lo cual no debía reinstalarse nuevamente la sentencia desestimatoria por falta de jurisdicción.

Finalmente, el 15 de junio de 1998, el tribunal apelativo desestimó el recurso por falta de jurisdicción. La parte apelante acudió en certiorari ante nos, y luego de expedir el auto solicitado, el 9 de abril de 1999, revocamos la sentencia dictada y ordenamos al tribunal apelativo atender en los méritos el recurso presentado. El 14 de mayo de 1999 declaramos no ha lugar una moción de reconsideración.

El 25 de junio de 1999, es decir, casi dos años después de presentado el recurso de apelación, y tras los trámites procesales relatados anteriormente, el Tribunal de Circuito de Apelaciones, levantó el incumplimiento con la Regla 13(B) de su Reglamento por primera vez.

En el caso de autos la Sucesión cumplió con el aspecto jurisdiccional al notificar personalmente a la parte demandante apelada mediante entrega personal del escrito de apelación, dentro del término

reglamentario. Aunque incumplió con el requisito de certificar la forma y circunstancias en que se diligenció la notificación, es decir, si por correo certificado con acuse de recibo o mediante entrega personal, luego de que el tribunal apelativo le ordenara acreditar el modo de notificación del escrito de apelación a la parte apelada, la Sucesión prontamente informó que el abogado suscribiente había notificado personalmente a la abogada de los recurridos en su oficina.

Tomando en consideración que el propósito de la certificación que exige la regla es acreditar que efectivamente se ha cumplido con el requisito de notificación, Droguería Central, supra, y habiendo quedado acreditada la forma de dicha notificación en el escrito en cumplimiento de orden, sin que en ningún momento haya sido controvertido por la parte apelada[3], debemos concluir que quedó demostrado ante el Tribunal de Circuito de Apelaciones que en efecto se notificó a todas las partes la presentación del recurso dentro del término reglamentario. No existe, pues, razón para desestimar.

Aunque hemos pautado que las disposiciones reglamentarias sobre los recursos a presentarse en los tribunales han de observarse rigurosamente, también hemos establecido que esto no implica una adhesión inflexible a las disposiciones reglamentarias. Arriaga v. F.S.E, res. el 18 de marzo de 1998, 98 TSPR 27. Esto responde al principio rector de que las controversias judiciales, en lo posible se atiendan en los méritos. Valentín v. Municipio de Añasco, res. el 26 de junio de 1998, 98 TSPR 83.

IV

Nos corresponde hacer un último pronunciamiento.

Como hemos señalado, en Droguería Central, supra, establecimos el alcance del requisito procesal de acreditar la notificación por entrega

---

[3] La representación legal de la parte apelada no ha cuestionado el hecho de la entrega personal en su oficina. Lo único que aduce es que "en nuestro expediente no consta la fecha de notificación hecha por la parte peticionaria". Moción en cumplimiento de orden de 15 de febrero de 2000 a la pág. 3.

personal dispuesto por la Regla 13(B) del Reglamento del Tribunal de Circuito de Apelaciones. En aquella ocasión señalamos:

> Como podemos apreciar, la disposición antes citada dispone dos medios para notificar copia del recurso a la parte apelada, a saber, por correo certificado con acuse de recibo o mediante un servicio similar de entrega personal con acuse de recibo. Ahora bien, cuando la parte apelante decide notificar el escrito mediante entrega personal, deberá certificar la forma y las circunstancias del diligenciamiento. Bajo ninguna circunstancia establece que al utilizar tal mecanismo la parte apelante advenga en la obligación de certificar que la notificación fue hecha mediante servicio similar de entrega personal privada con acuse de recibo. **Lo importante es que el escrito sea notificado a la parte apelante dentro del plazo reglamentario**. Según bien indica el comentario a la Regla 13(B), **"el aspecto jurisdiccional está enmarcado en que la notificación se haga dentro del término y no en el método que se utilice para ello..."** (Énfasis suplido.)

Después de esta decisión nos hemos visto forzados a revocar varias sentencias del Tribunal de Circuito de Apelaciones en las que dicho foro ha desestimado recursos por entender que se ha incumplido con los requisitos dispuestos en dicha regla. En tales ocasiones hemos rechazado la aplicación e interpretación rigurosa y restrictiva del Reglamento, y hemos reiterado nuestro interés de que los casos, en lo posible, se atiendan en sus méritos. También hemos repudiado el que se intercalen a las reglas restricciones o requisitos que no aparecen en su texto. Véase Rivera Arnau v. Davis & Geck, AC- 1999- 62, Sentencia del 23 de febrero de 2000; Rosario Chárriez v. Puerto Rico Telephone Co., CC-2000-207, Sentencia del 11 de abril de 2000; Rodríguez Rivera v. Otero García, CC-1999-311, Sentencia del 12 de abril de 2000, Asociación de Residentes Colinas Metropolitanas, CC-2000-276, Sentencia del 25 de mayo de 2000; Casellas Hernández v. Mun. de Bayamón, CC-2000-483, Sentencia del 28 de junio de 2000.

Esta inatención por el foro apelativo a la norma pautada en Droguería Central, supra, ha requerido nuestra intervención, con el consabido tiempo y esfuerzo que ello conlleva, tanto para esta Curia como para las partes. Confiamos que en el futuro, el Tribunal de Circuito de Apelaciones resuelva en los méritos los recursos que se notifiquen en circunstancias análogas.

La decisión que hoy emitimos no significa que no le estemos reconociendo a dicho tribunal las facultades que posee para desestimar apelaciones incompletas, mal perfeccionadas o presentadas fuera de término. Sin embargo, el ejercicio inflexible de esta facultad, exigiendo de forma restrictiva y automática el cumplimiento con todas de las disposiciones de su Reglamento, podría, en la práctica, convertir los recursos de apelación en recursos discrecionales. Sociedad de Gananciales v. García Robles, res. el 23 de enero de 1997, 142 D.P.R.___ (1997).

En vista de lo anterior, procede que se revoque el dictamen del foro apelativo y se devuelva el caso al Tribunal de Circuito de Apelaciones para que sea atendido en los méritos.

Se dictará la Sentencia correspondiente.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


Máximo Rodríguez Santiago,
et al

   Demandante y Recurridos

   v.                          CC-1999-939        Certiorari

Sucn. Manuel Martínez,
et al

   Demandado y Peticionarios



SENTENCIA


San Juan, Puerto Rico, a 18 de agosto de 2000.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte integral de la presente, se revoca el dictamen del Tribunal de Circuito de Apelaciones y se devuelve el expediente al Tribunal de Circuito de Apelaciones para que sea atendido en los méritos.

Así lo pronunció y manda el Tribunal y certifica la Subsecretaria del Tribunal Supremo. La Juez Asociada señora Naveira de Rodón concurre sin opinión escrita. El Juez Asociado señor Rebollo López no interviene.


Carmen E. Cruz Rivera
Subsecretaria del Tribunal Supremo