Opinión de conformidad emitida por el
Juez Asociado Se-ñor Estrella Martínez.
El mandato de acceso a la justicia no puede quedarse en meros discursos. Hay que poner la palabra en la acción. Por eso no procede la desestimación.
En el caso de autos, el Sr. Eliezer Santana Báez, quien se encuentra confinado, presentó un “Certiorari y auxilio de jurisdicción” y una “Urgente comparecencia especial”, mediante los cuales solicitó la revisión de una sentencia emitida por el Tribunal de Apelaciones el 31 de enero de 2014 —notificada el 7 de febrero de 2014— en el caso KLRA201301160 ante ese tribunal.
En síntesis, sostiene que el foro intermedio erró al con-firmar la suspensión de visitas, la recreación activa y la comisaría como medida disciplinaria que aplicó la División de Remedios Administrativos del Departamento de Correc-ción y Rehabilitación. A su vez, señala que el Tribunal de Apelaciones le impuso una sanción de $50 por presentar el recurso de revisión al concluir que era un recurso frívolo y le advirtió que incumplir con el pago podría conllevar que fuera sancionado con pena de cárcel por desacato. Como consecuencia, el señor Santana Báez solicitó la paraliza-ción del dictamen recurrido en cuanto a la sanción impuesta. No obstante, a pesar de que la petición del señor *985 las reglas procesales. Febles v. Romar, 159 DPR 714, 722 Santana Báez alude a exhibit, el documento que tramitó la Administración de Corrección y Rehabilitación no incluye la sentencia emitida por el Tribunal de Apelaciones de la cual se recurre.
Entiendo que el hecho de que la documentación trami-tada por conducto de la agencia no contenga una copia de la sentencia emitida por el foro recurrido, no constituye un impedimento real y meritorio que impida a este Tribunal atender el caso en los méritos, a la luz de las circunstan-cias particulares del reclamo que nos ocupa.
Tal visión encuentra apoyo en la política pública incorporada en la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003 (4 LPRA sec. 24 et seq.), que reconoce la responsabilidad de propiciar a toda la ciudada-nía el acceso inmediato y económico a un sistema de justi-cia sensible a la realidad de los distintos miembros de la sociedad. Exposición de Motivos de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico 2003 (2003 Leyes de Puerto Rico 971); Fray a v. A.C.T., 162 DPR 182, 189 (2004). Así, el Art. 1.002(a) de ese estatuto dispone, en lo pertinente, que la Rama Judicial será “accesible a la ciu-dadanía; prestará servicios de manera equitativa, sensible y con un enfoque humanista [...]”. (Énfasis suplido). 4 LPRA sec. 24a. Como consecuencia, existe una política de apertura a los tribunales que propicia la atención en los méritos de los recursos ante nuestra consideración. Por ello, incumplir con nuestro reglamento no necesariamente provoca un impedimento real y meritorio que nos impida atender el caso en los méritos. Véase Román et als. v. Román et als., 158 DPR 163, 167-169 (2002). La razón para esto es que se busca conciliar el deber de las partes de cumplir con los reglamentos procesales y el derecho esta-tutario de todo ciudadano a la revisión.
Ciertamente, las partes están obligadas a cumplir con las disposiciones reglamentarias y el que comparezcan por derecho propio, por sí, no justifica el incumplimiento con *986 (2003). Sin embargo, no es menos cierto que, en ocasiones anteriores, este Tribunal ha considerado la realidad de los reclusos que litigan sus causas por derecho propio para crear un justo balance entre lo procesal y el acceso a la justicia. De esta forma, hemos evitado que la aplicación automática e inflexible de los requisitos reglamentarios prive a un litigante de su derecho de acceso a los tribunales. Véase Álamo Romero v. Adm. de Corrección, 175 DPR 314, 322 (2009). El hecho de que haya que cumplir con las disposiciones reglamentarias no implica una “adhesión inflexible” a los reglamentos. Gran Vista I v. Gutiérrez y otros, 170 DPR 174, 186 (2007); Rodríguez v. Sucn. Martínez, 151 DPR 906, 913 (2000).
Al momento de evaluar si procede la petición del señor Santana Báez se debe considerar que el principio fundamental de nuestro ordenamiento jurídico es el acceso a la justicia. Así, en el caso de confinados que comparecen pro se, nada impide que este Tribunal tome conocimiento judicial de hechos adjudicativos de fácil corroboración. La ra-zón para esto consiste en que la sentencia del Tribunal de Apelaciones y su notificación es un hecho susceptible de corroboración inmediata y exacta mediante fuentes que no pueden ser razonablemente cuestionadas. Por ende, la falta de ese documento no impide que este Tribunal re-suelva el asunto traído a nuestra atención.
En el caso de autos, considero que el señor Santana Báez provee datos suficientes que permiten la búsqueda de la sentencia emitida por el foro intermedio para determi-nar si poseemos jurisdicción para atender el recurso. Véase Regla 201 de Evidencia 2009 (32 LPRAAp. VI).
Por otra parte, me resulta sospechoso que en casos en los que se impugna la conducta o el proceder negligente de empleados correccionales no se acompañe la sentencia del Tribunal de Apelaciones objeto de revision.(1) Ello, pues en *987 estos casos los confinados dependen de la Administración de Corrección para el trámite y envío del recurso al foro correspondiente. Es decir, el confinado carece de control una vez entrega los documentos a los oficiales correcciona-les para su tramitación. Ante esa realidad, el curso de acción propuesto es cónsono con la política de facilitar el ac-ceso de los confinados a las cortes, un derecho que estamos obligados a proteger. Véase Bounds v. Smith, 430 US 817, 821 (1977).
Asimismo, me preocupa enormemente la sanción econó-mica impuesta por el Tribunal de Apelaciones al señor Santana Báez con el apercibimiento de un posible desacato ante su incumplimiento. Este tipo de medida no tan solo puede ser sumamente onerosa, sino que desalienta que los confinados ejerzan su derecho a la revisión cuantas veces entiendan que les asiste el derecho. No podemos perder de perspectiva que los confinados, en la mayoría de los casos, carecen de los conocimientos necesarios para discernir ante los posibles escenarios jurídicos. Además, la imposi-ción de este tipo de sanción económica responde a un ena-jenamiento de la realidad que vive este grupo de nuestra sociedad. Esta situación tiene, a su vez, matices más abar-cadores para estas personas. No se trata tan solo de una imposición que afecta el peculio de unos individuos caren-tes de recursos económicos para poder cumplir con lo orde-nado, sino que, además, contiene implicaciones mucho más serias y efectos colaterales posteriores en cuanto al incumplimiento. Así, de no cumplir con lo ordenado, el con-finado sería incurso en desacato, cometiendo un nuevo de-lito que sería considerado para cambios de custodia o para la concesión del privilegio de libertad bajo palabra, entre otros.
Resulta desacertado acudir a otros precedentes que se alejan diametralmente de las circunstancias particulares de este caso y, mucho más, al récord de reclamos previos de una parte en particular. El hecho de que el señor Santana Báez no prevaleciera en su reclamo, o que haya acudido en *988 múltiples ocasiones al foro recurrido para solicitar la revi-sión de resoluciones administrativas, no constituye, por sí solo, una razón suficiente para determinar la frivolidad de su reclamo. Al estudiar sus contenciones, me parece que éstas no llegan al matiz de frivolidad que implicaría la imposición de una sanción como la de autos. El señor Santana Báez, entre otras, entendió que la determinación administrativa violaba las determinaciones del caso federal Morales Feliciano, et als. v. Fortuno, et als., USDS Civil Núm. 79-4, e invocó las normas de derecho internacional. Igual-mente, indicó que no estaba en el lugar al momento de los hechos, por lo que no le procedía la medida disciplinaria impuesta.
Por lo tanto, entiendo que no nos encontramos ante la frivolidad que requiere la Regla 85 del Reglamento del Tribunal de Apelaciones para imponer sanciones, 4 LPRAAp. XXII-B. Asimismo, basta con examinar la sentencia emi-tida para percatarse de que el foro apelativo intermedio no cumplió con la obligación de fundamentar debidamente las razones para la imposición de la sanción, tal y como dis-pone la aludida regla. Un mero párrafo con alusiones al pasado del peticionario no puede ser fundamento para im-poner una sanción que podría repercutir en la libertad de un ser humano.
Por tal razón, considero que la determinación de este Tribunal, en el trámite del asunto ante nuestra considera-ción, resulta la más adecuada y propia a los intereses de proveer la oportunidad de acceso a los tribunales y adjudi-cación en los méritos, en una manera sensible y huma-nista, tal y como lo dicta la política pública que emana de la Ley de la Judicatura.
Ignorar lo expuesto, equivaldría a validar que la discre-ción seejerza en el vacío y de modo arbitrario.

 Máxime, cuando el peticionario hace, en algunas instancias, referencias a “exhibit [...] de este escrito”, refiriéndose al escrito presentado ante este Tribunal. Certiorari y auxilio de jurisdicción, pág. 5.