EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| Pedro López Bonelli<br><br>Recurrido<br><br>v.<br><br>Carlos Pérez Cruz<br><br>Peticionario | Certiorari<br><br>2017 TSPR 79<br><br>198 DPR ____ |

Número del Caso: CC-2015-1043

Fecha: 16 de mayo de 2017

Tribunal de Apelaciones:

       Región Judicial I de San Juan

Abogada de la Parte Peticionaria:

       Lcda. Marcelle D. Martell Jovet

Abogado de la Parte Recurrida:

       Lcdo. Yamil Vega Pacheco

Materia: Sentencia con Opinión de Conformidad

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Pedro López Bonelli

    Recurrido

       v.                  CC-2015-1043       Certiorari

Carlos Pérez Cruz

    Peticionario

SENTENCIA

San Juan, Puerto Rico, a 16 de mayo de 2017.

Se revoca el dictamen emitido por el Tribunal de Apelaciones. En consecuencia, se remite el caso a ese foro para que atienda en los méritos el recurso de revisión judicial presentado por el señor Pérez Cruz.

Así lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Estrella Martínez emitió una Opinión de conformidad a la cual se unió la Jueza Presidenta Oronoz Rodríguez. La Juez Asociada señora Rodríguez Rodríguez y el Juez Asociado señor Colón Pérez disienten sin opiniones escritas. El Juez Asociado señor Kolthoff Caraballo no intervino. El Juez Asociado señor Feliberti Cintrón no interviene.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo

Pedro López Bonelli

   Recurrido

     v.                 CC-2015-1043       Certiorari

Carlos Pérez Cruz

   Peticionario

Opinión de conformidad emitida por el Juez Asociado señor ESTRELLA MARTÍNEZ a la cual se une la Jueza Presidenta ORONOZ RODRÍGUEZ

San Juan, Puerto Rico, a 16 de mayo de 2017.

Hoy nos enfrentamos a la siguiente interrogante: ¿si el término dispuesto en la Regla 59(E)(2) del Reglamento del Tribunal de Apelaciones, *infra*, es uno fijo o el Tribunal de Apelaciones tiene discreción para acortarlo?

Específicamente, nos corresponde dilucidar si el Tribunal de Apelaciones actuó correctamente al desestimar un recurso de revisión judicial de una decisión administrativa, por entender que éste no se perfeccionó por falta de apéndice. Ello, a pesar de que se solicitó y autorizó la presentación tardía del apéndice al amparo de la

Regla 59(E)(2) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 59(E)(2).

Veamos los antecedentes fácticos que suscitaron la controversia ante nos.

## I

El 3 de agosto de 2015, el Departamento de Asuntos del Consumidor (DACo) emitió una Resolución en la cual ordenó al corredor de bienes raíces, el Sr. Carlos Pérez Cruz (señor Pérez Cruz), devolverle al Lcdo. Pedro López Bonelli (licenciado López Bonelli) la suma de $30,000. Esto, luego de determinar que el señor Pérez Cruz retuvo un depósito de dinero en alegada contravención a la Ley para Reglamentar el Negocio de Bienes Raíces y Profesión de Corredor, Vendedor o Empresa de Bienes Raíces, Ley Núm. 10-1994, 20 LPRA sec. 3025 *et seq*.

Inconforme con tal determinación, y después de agotar los remedios ante el foro administrativo, el 3 de septiembre de 2015, el señor Pérez Cruz presentó un recurso de revisión judicial ante el Tribunal de Apelaciones, impugnando el dictamen del DACo. Coetáneamente, sometió una moción al amparo de la Regla 59(E)(2) del Reglamento, solicitando autorización para presentar el Apéndice de su recurso posteriormente. El Tribunal de Apelaciones accedió a lo solicitado mediante Resolución emitida el 14 de septiembre de 2015, y notificada por correo regular el día siguiente. No obstante, le concedió hasta el día 17 del mismo mes para

presentar los documentos. Es decir, un término de tan sólo dos días desde su notificación por correo.

Posteriormente, el 24 de septiembre de 2015, el licenciado López Bonelli compareció ante el Tribunal de Apelaciones solicitando la desestimación del recurso. Sostuvo que se privó al foro apelativo intermedio de jurisdicción para adjudicar los méritos del recurso presentado, ya que no se perfeccionó el recurso debido a que el señor Pérez Cruz, a ese momento, no había sometido el Apéndice conforme con lo ordenado.

Por su parte, el 30 de septiembre de 2015, el señor Pérez Cruz presentó el Apéndice del recurso. A su vez, se opuso a la desestimación solicitada. En esta comparecencia, justificó su tardanza al expresar que no recibió a tiempo la notificación de la autorización emitida el 14 de septiembre de 2015. Además, arguyó que el Reglamento del foro apelativo intermedio le concede un término de quince días para entregar los documentos, por lo que ese foro no puede acortar el periodo establecido en la Regla 59(E)(2), 4 LPRA Ap. XXII-B, R. 59(E)(2). De esta forma, el señor Pérez Cruz planteó que toda vez que la notificación se cursó el 15 de septiembre de 2015, el término reglamentario aún no había expirado al 30 de septiembre, fecha en la que compareció con los documentos. Sin embargo, el mismo 30 de septiembre, el Tribunal de Apelaciones emitió una sentencia desestimatoria, resolviendo que, "ante la falta de

diligencia, incumplimiento y desatención, [se veía] precisado a desestimar el recurso por falta de perfeccionamiento y, por ende, por falta de jurisdicción. . .".[1] A pesar de que el señor Pérez Cruz acudió oportunamente mediante solicitud de reconsideración el Tribunal de Apelaciones la denegó.

Oportunamente, el señor Pérez Cruz recurre ante nos y reproduce los argumentos esbozados ante el foro apelativo intermedio. A tales fines, señala que el Tribunal de Apelaciones erró al desestimar su recurso "por asuntos procesales en torno a la radicación del apéndice, ignorando así las disposiciones expresas de la Regla 59(E)(2). . .".[2]

## II

Reiteradamente este Tribunal ha enfatizado que todo litigante debe observar rigurosamente las disposiciones reglamentarias establecidas para la forma y presentación de los escritos en los procedimientos apelativos. *Véanse,* por ejemplo, Soto Pino v. Uno Radio Group, 189 DPR 84, 90 (2013); Pérez Soto v. Cantera Pérez Inc., 188 DPR 98 (2013); Rojas v. Axtmayer, 150 DPR 560, 564 (2000); Arriaga v. F.S.E., 145 DPR 122 (1998); Cárdenas Maxán v. Rodríguez, 119 DPR 642 (1987). El propósito de esta norma no se limita a vindicar la autoridad de los tribunales,

---

[1] *Véase,* Sentencia emitida por el Tribunal de Apelaciones de 30 de septiembre de 2015, pág. 4.

[2] *Véase,* Petición de *certiorari*, pág. 4.

sino que también se dirige a propiciar que el Poder Judicial se ejerza dentro de un marco procesal uniforme y ordenado, que le permita a toda persona situada en circunstancias similares, ejercer de forma efectiva su derecho a revisar un dictamen ante un panel de jueces. *Véase* Yumac Home v. Empresas Masso, 194 DPR 96, 104-105 (2015).

De igual manera, este Tribunal ha puntualizado que existe un imperioso interés en que las controversias se resuelvan en los méritos. *Véanse*, Pueblo v. Rivera Toro, 173 DPR 137, 145 (2008); Pueblo v. Rodríguez Ruiz, 157 DPR 288 (2002); Soc. de Gananciales v. García Robles, 142 DPR 241 (1997). Particularmente, se ha descartado la aplicación inflexible y automática de la desestimación como sanción por el incumplimiento con las reglas procesales que no afectan los derechos de las partes. *Véanse,* por ejemplo, Gran Vista I v. Gutiérrez, 170 DPR 174, 186 (2007); Fraya, S.E. v. A.C.T., 162 DPR 182, 189-192 (2004); Vega v. Caribe G.E., 160 DPR 682, 687 (2003); Rodríguez v. Sucn. Martínez, 151 DPR 906, 913 (2000). En su lugar, se ha optado por hacer un balance entre "el deber de las partes de cumplir con las leyes y reglamentos procesales, y el derecho estatutario de los ciudadanos de que su caso sea revisado. . .". Román *et als.* v. Román *et als.*, 158 DPR 163, 168 (2002).

**A.**

Entre otras cosas, la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, 4 LPRA sec. 24 *et seq.*, va dirigida a propiciar una mayor efectividad en el acceso a los tribunales.[3] En particular, el Art. 4.004 de esta ley ordena al foro apelativo a "ofrecer acceso fácil, económico y efectivo a sus procedimientos, eliminando obstáculos y barreras que impidan impartir justicia apelativa a los ciudadanos con reclamos válidos". 4 LPRA sec. 24u. Igualmente, para enfocar el aspecto sustantivo de la revisión judicial de determinaciones administrativas hacia el acceso efectivo al proceso apelativo, se enmendó la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico (LPAU), Ley Núm. 170 de 12 de agosto de 1988, 3 LPRA sec. 2101 *et seq.*[4]

En las citadas normas se reconoce la autoridad de este Tribunal para reglamentar los procedimientos ante el Tribunal de Apelaciones. 4 LPRA sec. 24w; 3 LPRA sec. 2174. Conforme a esta autoridad, el legislador nos exhortó a establecer un cuerpo de reglas dirigido, entre otros asuntos, a disminuir las desestimaciones por defectos de forma y de notificación, y a proveer

---

[3] *Véase* Exposición de Motivos, Ley Núm. 201-2003 (2003 Leyes de Puerto Rico 201).

[4] *Véase* Exposición de Motivos, Ley Núm. 331-2004 (2004 Leyes de Puerto Rico 331).

oportunidad razonable para corregir este tipo de defectos, cuando no afecten los derechos de las partes. Fraya, S.E. v. A.C.T., 162 DPR 182, 189-192 (2004).

De esta forma, y con el objetivo de implantar el principio rector de que las controversias se atiendan en los méritos, se aprobó el Reglamento del Tribunal de Apelaciones de 2004, 4 LPRA Ap. XXII-B, R. 2(3). *Véanse*, García v. Mercado, 190 DPR 632, 638-39 (2014); Fraya S.E. v. A.C.T., *supra,* pág. 193. Acorde con este principio, el Reglamento introdujo cambios significativos en torno a los requerimientos para el perfeccionamiento de recursos ante el foro apelativo. Fraya S.E. v. A.C.T., *supra,* pág. 192. En lo pertinente, respecto al Apéndice que acompaña el recurso de revisión judicial de determinaciones administrativas, se dispuso lo siguiente:

> El tribunal podrá permitir, a petición del recurrente en el recurso, en moción o motu proprio, a la parte recurrente la presentación de los documentos a que se refiere el subinciso (1) **con posterioridad a la fecha de presentación del recurso de revisión, dentro de un término de quince días** contado a partir de la fecha de notificación de la resolución del tribunal que autoriza los documentos.
>
> **La omisión de incluir los documentos del Apéndice no será causa de desestimación del recurso.** 4 LPRA Ap. XXII-B, R. 59(E)(2) (énfasis suplido).

De otra parte, la Regla 83 del Reglamento enumera las causas que pueden dar lugar a la desestimación de un recurso ante el foro apelativo. Entre otras, el Reglamento permite la desestimación cuando: (1) el

tribunal carece de jurisdicción; (2) el recurso no se tramita o presenta con la debida diligencia, o (3) se presenta fuera del término de cumplimiento estricto, sin justa causa para ello. 4 LPRA Ap. XXII-B, R. 83(B)(1),(2) y (3). No obstante, en aras de cumplir con el objetivo de disminuir las desestimaciones por defectos de forma y de notificación, se eliminó de la Regla 83 la disposición que permitía desestimar un recurso por falta de perfeccionamiento. *In re* Reglamento del T.A., 162 DPR 444, 563 (2004). Al respecto, en el Comentario a esta disposición se advierte lo siguiente:

> Debe tenerse presente la norma expuesta por el Tribunal Supremo de que **el mecanismo procesal de la desestimación como sanción debe utilizarse como último recurso**, para que se concilien el deber de las partes de cumplir con los requisitos procesales y el derecho estatutario de todo ciudadano de que su caso sea revisado por un Panel colegiado. . . Con este balance en mente, **el Tribunal de Apelaciones debe usar medidas intermedias menos drásticas dirigidas al trámite y perfeccionamiento diligente de los recursos.** Íd., págs. 563-564, (énfasis suplido).

Las citadas disposiciones establecen meridianamente la oportunidad de que los casos se perfeccionen para ser atendidos en los méritos. Por ello, se sostiene que la no presentación del Apéndice, por sí sola, no es causa suficiente para la desestimación. Le corresponde a los tribunales imponer medidas intermedias menos drásticas, que logren el perfeccionamiento diligente de los recursos.

Conforme a la política que subyace el desarrollo procesal apelativo expuesto, y considerando el deber de este Tribunal de interpretar el Reglamento de modo tal que propicie "un sistema de justicia que provea acceso para atender los reclamos de la ciudadanía. . .", procede revocar la Sentencia del Tribunal de Apelaciones. 4 LPRA Ap. XXII-B, R. 2.

### III

De entrada, reconozco que la Regla 59(E)(2) no obliga, sino que faculta al Tribunal de Apelaciones para, **discrecionalmente**, permitir la presentación tardía del Apéndice. 4 LPRA Ap. XXII-B, R. 59(E)(2). Aclarado esto, los hechos demuestran que el Tribunal de Apelaciones permitió la presentación posterior del Apéndice. Para ello, el 14 de septiembre de 2015, el foro apelativo intermedio adelantó por telefax la notificación a las partes de la autorización para presentar posteriormente los documentos que conforman el Apéndice. Así las cosas, mediante la Resolución sólo se le concedió al señor Pérez Cruz hasta el 17 de septiembre de 2015 para presentar los documentos pertinentes. Empero, de los documentos que obran en el expediente surge que la tramitación del envío de la notificación por telefax al representante legal del peticionario no fue recibida por éste. Así lo hizo constar el 30 de septiembre de 2015 el señor Pérez Cruz ante el foro apelativo en su oposición a desestimación y al presentar los documentos que forman el Apéndice en el

último día hábil del término dispuesto en la Regla 59(E)(2).

Sin embargo, el mismo día que el peticionario compareció con los documentos, el foro apelativo intermedio emitió la Sentencia desestimatoria del recurso presentado, sin antes atender la moción de oposición a la desestimación presentada por el señor Pérez Cruz. Peor aún, en su Sentencia, el Tribunal de Apelaciones señaló que el señor Pérez Cruz no procedió diligentemente, "toda vez que al [30 de septiembre de 2015] no ha[bía] presentado los documentos pertinentes y esenciales para poder atender y resolver en los méritos la controversia planteada. . .".[5] De esta forma, razonó que "la falta de diligencia, incumplimiento y desatención, precisa[ba] desestimar el recurso. . . por falta de perfeccionamiento y, por ende, por falta de jurisdicción. . .".[6] Ello, a pesar de que a esa fecha el recurso había sido perfeccionado.

En desacuerdo con la Sentencia emitida por el Tribunal de Apelaciones, el señor Pérez Cruz solicitó oportunamente reconsideración. Sin embargo, el foro apelativo la denegó. Erró al así resolver.

No albergo duda de la dificultad que entraña atender los méritos de un recurso que carece de un Apéndice.

---

[5]*Véase*, Sentencia del Tribunal de Apelaciones de 30 de septiembre de 2015, pág. 4.

[6]Íd.

*Véase* Román *et als* v. Román *et als*, *supra*, pág. 168.
Tampoco está en controversia la facultad del foro
apelativo para desestimar el recurso ante sí por falta de
diligencia o buena fe en la tramitación del mismo. 4 LPRA
Ap. XXII-B, R. 83(B)(3) y 83(C). No obstante, el texto de
la Regla 59(E)(2) es claro al establecer que "[l]a
omisión de incluir los documentos del Apéndice no será
causa de desestimación del recurso". 4 LPRA Ap. XXII-B,
R. 59(E)(2). A esos efectos, dispone que el término para
actuar se activa una vez el tribunal notifica su
autorización para presentar los documentos que conforman
el apéndice en una fecha posterior a la fecha en que se
presentó el recurso. Es entonces cuando el o la
solicitante tendrá un término de quince días, contados a
partir de la aludida notificación, para presentar los
documentos.

Ciertamente, el Reglamento permite la presentación *a
posteriori* del Apéndice del recurso ante el foro
apelativo intermedio dentro de un término de quince días
desde que el referido foro la concede. No obstante, en
circunstancias excepcionales y conforme a la Regla
7(B)(5) del Reglamento del Tribunal de Apelaciones, 4
LPRA Ap. XXII-B, R.7(B)(5), ese foro tiene la facultad de
prescindir del referido término con el propósito de
lograr el más justo y eficiente despacho y acceso a los
tribunales. Como expresé, al aprobar el Reglamento este
Tribunal consideró la encomienda de proveer oportunidad

razonable para que las partes perfeccionen sus recursos, sin afectar los derechos de todos. Por ello, tales circunstancias excepcionales no operan en el vacío y tienen que propender al balance entre la tramitación diligente de los recursos y el acceso a las partes para que se diluciden los méritos de sus reclamos. Bajo las circunstancias del presente caso, y en el balance de los intereses involucrados, no podemos pasar por desapercibido que el período concedido por el foro apelativo resultó excesivamente corto. Además de esa realidad la falta de perfeccionamiento del recurso, **por sí sola**, no es causa suficiente para la desestimación del recurso, ni priva de jurisdicción al tribunal cuando ésta se debe a defectos de notificación o de forma que en nada afectan a las partes ni al tribunal para disponer del asunto.[7] Precisamente, la disposición reglamentaria que

---

[7]En el comentario a la Regla 16(E)(2), que regula el contenido del escrito del recurso de apelación, y cuyo lenguaje es virtualmente idéntico al de la Regla que interpretamos, se señala lo siguiente:

> Otro cambio importante es el referente al Apéndice del recurso que deja de tener carácter jurisdiccional, siguiendo el mandato de la Ley de la Judicatura. . . de 2003 (Arts. 4.002 y 4.004) de que se eliminen las barreras reglamentarias que han impedido impartir justicia apelativa a los ciudadanos con reclamos válidos y de que se reduzcan al mínimo el número de recursos desestimados por defectos de forma y notificación. . . [Añadiendo que,] a tenor de la Regla 12.1, el tribunal dará oportunidad a las partes de corregir cualquier defecto de forma del

autorizaba la desestimación por la mera falta de perfeccionamiento se eliminó. Ello pues, la imposición de tan drástica sanción, en respuesta al incumplimiento de reglas procesales, resulta incongruente con la política de acceso efectivo al proceso apelativo. *In re* Reglamento del T.A., *supra*, págs. 563-564. Para esos casos, el Reglamento expresamente dispone que, por causa justificada, el foro apelativo deberá proveer oportunidad razonable para corregir defectos de forma o de notificación que no afecten los derechos de las partes. 4 LPRA Ap. XXII-B, R. 12.1.

En este caso, el Tribunal de Apelaciones mediante *Resolución* emitida el 14 de septiembre de 2015 y notificada el día 15 del mismo mes, determinó ha lugar la solicitud del señor Pérez Cruz de presentar el Apéndice posterior a la presentación del recurso de revisión judicial. Esta determinación estuvo dentro de su facultad discrecional. No obstante, el foro apelativo intermedio concedió al peticionario hasta el 17 de septiembre de 2015 para presentarlo, es decir, solo dos días después de notificado. Ello, contrario a lo dispuesto en el Reglamento. En consecuencia, resulta incuestionable que el señor Pérez Cruz compareció y presentó el Apéndice el 30 de septiembre de 2015, es decir, dentro del término de quince días desde la notificación que dispone el

---

recurso. *In re* Reglamento del T.A., 162 DPR 444, 479 (2004).

Reglamento.

Por lo tanto, resulta forzoso concluir que el foro apelativo intermedio incidió al acortar el término de quince días que dispone su Reglamento para prorrogar la presentación del Apéndice. Según expuesto, conceder una prórroga para la presentación del Apéndice es facultad discrecional del Tribunal. No obstante, el término de esta prórroga, según dispone la Regla 59(E)(2) del Reglamento, son quince días fijos. Sólo en circunstancias excepcionales, con el propósito de lograr el más justo y eficaz despacho, es que procedería variar este término. En el presente caso, no existen tales circunstancias.

De otra parte, no pasamos por alto el hecho de que el Tribunal de Apelaciones desestimó el recurso el mismo día que el peticionario compareció con los documentos. Si el foro apelativo intermedio no se percató de la aludida comparecencia, debió reconsiderar su dictamen tal como lo solicitó el peticionario, y evaluar si las razones esbozadas en su solicitud constituían causa justificada para el incumplimiento. Esto es así porque, como regla general, el **mecanismo procesal de la desestimación como sanción debe utilizarse como último recurso**. Román *et als.* v. Román *et als.*, *supra,* pág. 167.

En casos como el de autos, antes de desestimar el recurso, el tribunal está plenamente facultado para imponer costas y/o sanciones económicas, si estima que el comportamiento de una parte constituye demora, abandono,

o falta de diligencia, en perjuicio de una eficiente administración de la justicia. 4 LPRA Ap. XXII-B, R. 85(C). Este es solo un ejemplo del tipo de medidas intermedias, dirigidas al trámite y perfeccionamiento diligente del recurso, que propician un balance entre el deber de las partes de cumplir con las leyes y reglamentos procesales, y su derecho estatutario a que se revise su caso. Román *et als.* v. Román *et als.*, *supra,* págs. 167-168.

## IV

En virtud de lo que antecede, estoy conforme con revocar la sentencia emitida por el Tribunal de Apelaciones y remitir el caso a ese foro para que atienda en los méritos el recurso de revisión judicial presentado por el señor Pérez Cruz.

Luis F. Estrella Martínez
Juez Asociado
